UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAWLINGS SPORTING GOODS )
COMPANY, INC., )
 )
    Plaintiff, )
 )  JURY TRIAL DEMANDED
        v. )
 )
WILSON SPORTING GOODS CO. )
 )
 )
 )
    Defendant. )

## COMPLAINT

Plaintiff Rawlings Sporting Goods Company, Inc. ("Rawlings"), for its Complaint against Defendant Wilson Sporting Goods Co. ("Wilson" or "Defendant"), states the following:

### INTRODUCTION

1.    This is an action at law and in equity for trademark infringement, dilution, and false advertising arising under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051, et seq.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Rawlings' federal claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court has subject matter jurisdiction over Rawlings' state statutory and common law claims pursuant to 28 U.S.C. § 1367.

3.    This Court has jurisdiction over Defendant by virtue of the fact that it is conducting business in this judicial district.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5.     Plaintiff Rawlings Sporting Goods Company, Inc. is a Delaware corporation with a principal place of business at 510 Maryville University Dr., Suite 110, St. Louis, MO 63141.

6.     Rawlings manufactures and distributes sporting goods equipment for retail purchase and also provides such equipment for use by professional athletes, including Major League Baseball players.

7.     Upon information and belief, Defendant Wilson Sporting Goods Co. is a Delaware corporation with its principal offices at 8750 W. Bryn Mawr Avenue, Chicago, IL 60631

8.     Defendant manufactures and distributes sporting goods equipment for retail purchase. Upon information and belief, Defendant provides sporting goods equipment for use by professional athletes, including Major League Baseball players.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.     Rawlings is the originator of the famous GOLD GLOVE AWARD® which was created in 1957 to recognize outstanding fielding by professional baseball players.

10.    Around 1957, a Rawlings sales manager observed that over half the players in professional baseball wore a Rawlings baseball glove. To capitalize on this fact, Rawlings decided to create an award that recognized defensive excellence—the GOLD GLOVE AWARD®.

11.    To create the original GOLD GLOVE AWARD®, Rawlings constructed a baseball glove made from gold tanned leather that was used in fashion footwear.

2

12. Since that time, Rawlings has distributed approximately 981 prestigious GOLD GLOVE® awards, all of which have consisted of the iconic gold baseball glove attached to a solid base. A photograph depicting Rawlings' prestigious GOLD GLOVE® award is attached hereto as Exhibit A.

13. In addition, recipients who use Rawlings gloves are given a functional baseball glove for use on the field in professional play that includes metallic gold indicia on the glove itself. Players covet this functional glove as a mark of achievement that is visible to the thousands of fans viewing an MLB game play both at the stadium and as televised.

14. The award is given annually to nine players from the American League and nine players from the National League. The managers and coaches in each league vote for the respective winners.

15. Over the past 50 years, the award has been bestowed on some of baseball's greatest defensive players—Ozzie Smith, Johnny Bench, and Brooks Robinson, to name a few. Today, the award remains the highest symbol of defensive excellence and one which players strive to achieve.

16. The GOLD GLOVE AWARD®, is one of the most recognized and coveted awards in professional baseball.

17. The GOLD GLOVE AWARD® is a key aspect of Rawlings' promotion and marketing for its sports equipment, particularly its baseball gloves.

18. The announcement and presentation of each award itself is accompanied by much fanfare. The award announcements are televised and covered extensively by national and international media. In 2011, the presentation of the awards took place at a prestigious event in New York City for the first time and will continue to take place on an annual basis.

19.     Rawlings has promoted and advertised its GOLD GLOVE AWARD® prominently for more than fifty years, and the GOLD GLOVE AWARD® is a well-known and famous designation known throughout the United States and the world.

## THE RAWLINGS MARKS

20.     Rawlings is the owner of many famous registered and common law trademarks associated with the Rawlings Gold Glove Awards. The marks include the registered word GOLD GLOVE, GOLD GLOVE AWARD, and RAWLINGS GOLD GLOVE AWARD as well as the common law trade dress embodied in the distinctive famous gold-colored baseball glove that forms the centerpiece of the world famous Gold Glove Award. The above referenced trademarks and trade dress are referenced hereafter as the "Gold Glove Marks."

21.     Rawlings owns a number of valid and subsisting United States Trademark Registrations for the GOLD GLOVE, GOLD GLOVE AWARD and RAWLINGS GOLD GLOVE AWARD marks. Rawlings' registrations include: Reg. No. 1,291,345; Reg. No. 990,449; and Reg. No. 1,945,584. True and correct copies of the Certificates of Registration corresponding to the aforementioned registrations are attached collectively as Exhibit B.

22.     In addition, United States Trademark Reg. No. 1,291,345; Reg. No. 990,449; and Reg. No. 1,945,584 are incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b).

23.     Rawlings or its predecessors in interest have used the GOLD GLOVE word mark continuously in this country since 1957.

24.     The Gold Glove Marks and the goodwill of the business associated with them in the United States are of great value to Rawlings, are highly distinctive, and have become

4

universally associated in the public mind with products and services of the very highest quality and reputation, with Rawlings as their source.

25. Each of the Gold Glove Marks is inherently distinctive and is uniquely associated with Rawlings and its products and services in the minds of consumers throughout the United States.

26. Rawlings' trademarks are famous and well-known.

## RAWLINGS' PRODUCTS

27. Rawlings has engaged in the marketing, distribution and sale of products depicting the Gold Glove Marks since long prior to the acts complained of herein and Rawlings is the owner of exclusive trademark rights therein.

28. Consumer exposure to the GOLD GLOVE AWARD® comes not only through the widespread notoriety and fame of the award, but also through Rawlings' use of the marks on products, including miniature replica awards and a GOLD GLOVE line of leather baseball gloves.

## DEFENDANT'S CONDUCT

29. Defendant is conducting a promotion for the 2012 baseball season in which Brandon Phillips (a professional Major League Baseball (MLB) player with the Cincinnati Reds) is using a baseball glove with metallic gold-colored webbing, stitching and lettering that was manufactured by Wilson (referred to herein as the "Infringing Wilson Glove"). These acts infringe Rawlings' rights in and to its Gold Glove Marks. Photographs depicting baseball gloves issued by Wilson and bearing metallic gold-colored webbing, stitching and lettering are attached hereto as Exhibit C.

30. Mr. Phillips is one of Wilson's paid endorsers and is also a three-time recipient of the Rawlings Gold Glove Award. Prior to winning the 2011 Rawlings Gold Glove Award, Wilson manufactured and supplied Mr. Phillips with a Wilson branded baseball glove that did not include metallic gold indicia.

31. Not only is Mr. Phillips using the Infringing Wilson Glove in the field during games, warm-ups, and practices, but Defendant and Mr. Phillips also have promoted the very existence of the glove (and its connection to Wilson) through various channels and media. See Exhibit D.

32. Defendant is using the Gold Glove Marks in commerce in connection with advertising in order to advance its business and economic interests.

33. Defendant is not a subsidiary, affiliate, licensee or related company of Rawlings, and Rawlings has not authorized or licensed Defendant to advertise or in any way make use of the Gold Glove Marks, or any reproductions, copies or colorable imitations thereof.

34. As a result of Defendant's conduct, Rawlings has suffered, and will continue to suffer irreparable injury to and dissipation of its reputation and goodwill for which Rawlings has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

35. Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

36. By engaging in the acts described above, Defendant has introduced and marketed products in interstate commerce using designations and representations that are confusingly similar to the registered Gold Glove Marks.

37. Defendant's actions are likely to cause confusion, to cause mistake, and to deceive purchasers, prospective purchasers, and the public.

38. Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Gold Glove Marks.

39. Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. Rawlings is being and will continue to be damaged by Defendant's infringing activities, which cause a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship or affiliation of the goods of Defendant.

41. Because of Defendant's infringing activities, Rawlings has suffered and will continue to suffer damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendant.

42. Because of Defendant's infringing activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF
### Federal Unfair Competition
### (15 U.S.C. § 1125(a))

43. Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

44. Defendant's use of colorable imitations of the Gold Glove Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers and members of the public as to the affiliation, connection or association between Defendant and its

7

products on the one hand, and between Rawlings, the Gold Glove Award and Rawlings products on the other hand, and/or as to the origin, sponsorship, authorization or approval of Defendant's goods by Rawlings.

45. Defendant's use and marketing of colorable imitations of the Gold Glove Marks has not been authorized by Rawlings.

46. Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Gold Glove Marks.

47. Rawlings is being and will continue to be damaged by Defendant's false designations and representations because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of Defendant's goods and services.

48. Because of Defendant's false designations and representations, Rawlings has suffered and will continue to suffer damage to its business reputation and goodwill, and the loss of sales and profits that Rawlings would have made but for Defendant's acts.

49. Defendant's false and deceptive designations and representations, violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and Rawlings has no adequate remedy at law.

50. Because of Defendant's infringing activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### Federal Dilution
### (15 U.S.C. § 1125(c))

51.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

52.     Rawlings has extensively and continuously promoted and used the Gold Glove Marks both in the United States and throughout the world, and those marks have become distinctive, famous, and well-known symbols of the Rawlings' goods and services well before Defendant's actions complained of in this Complaint.

53.     Defendant used the Marks in commerce after the marks became famous.

54.     Defendant's unauthorized use of the Gold Glove Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Rawlings, tarnishing and degrading the positive associations and reputation of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Rawlings' goods and services.

55.     Defendant's actions demonstrate an intent to cause dilution of the Gold Glove Marks to the great and irreparable injury of Rawlings.

56.     Because of Defendant's activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF
### Federal False Advertising
### (15 U.S.C. § 1125(a))

57. Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein

58. Defendant's actions are creating a misleading impression that Wilson is affiliated with or an official sponsor of the GOLD GLOVE AWARD®. Such actions constitute false or misleading statements of fact concerning the GOLD GLOVE AWARD®, Defendant's products, and a connection, affiliation, and/or sponsorship between Defendant, Defendant's products, and the GOLD GLOVE AWARD®.

59. Defendant has made these false or misleading statements in interstate commerce.

60. Defendant's false and misleading statements have actually deceived or will tend to deceive a substantial portion of the intended audience for Defendant's statements.

61. Defendant's false and misleading statements are material in that they have influenced or are likely to influence consumers purchasing decisions.

62. Defendant's false and misleading statements of fact have caused and will continue to cause harm to Rawlings.

63. Because of Defendant's activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF
### Missouri State Trademark Dilution
### (MO. REV. STAT. § 417.061)

64.    Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein. This claim is a substantial and related claim to Rawlings' federal claims.

65.    Rawlings has extensively and continuously promoted and used the Gold Glove Marks both in the United States and throughout the world, and those marks have become distinctive and well-known symbols of Rawlings' goods and services well before Defendant actions complained of in this Complaint.

66.    Defendant's unauthorized use of the Gold Glove Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Rawlings, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Rawlings' goods and services.

67.    Defendant's actions are likely to cause injury to the business reputation of Rawlings.

68.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Gold Glove Marks or to cause dilution of the Gold Glove Marks, to the great and irreparable injury of Rawlings.

69.    Defendant is causing and will continue to cause irreparable injury to Rawlings' goodwill and business reputation, and dilution of the distinctiveness and value of Rawlings' famous and distinctive Gold Glove Marks in violation of Missouri anti-dilution statute MO. REV. STAT. § 417.061(1).

70.    Rawlings is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### State Common Law Trademark Infringement and Unfair Competition

71.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein. This claim is a substantial and related claim to Rawlings' federal claims.

72.     Defendant's acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri.

73.     Defendant's acts have created, and unless restrained by this Court, will continue to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to Rawlings for which Rawlings has no adequate remedy at law.

74.     On information and belief, Defendant acted with full knowledge of Rawlings' use of, and statutory and common law rights to, the Gold Glove Marks and without regard to the likelihood of confusion and deception of the public created by those activities.

75.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Gold Glove Marks to the great and irreparable injury of Rawlings.

76.     As a result of Defendant's acts, Rawlings has been damaged in an amount not as yet determined or ascertainable.

77.     Rawlings is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Rawlings prays that:

1.     Defendant and all its endorsers, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons in contractual privity with Defendant, and all

others acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined preliminarily and permanently, from:

(a) using, selling, distributing, promoting, marketing or allowing the use, sale, distribution, promotion or marketing of the glove depicted in Exhibit D or any other baseball glove featuring gold webbing, gold-colored fabrics or leather, gold lettering, gold stitching, any other metallic gold-colored material, or any other features that are confusingly similar to the Gold Glove Marks;

(b) using the Gold Glove Marks or engaging in any actions which are likely to dilute or tarnish the distinctive quality of the Rawlings Marks or to publishing any false, defamatory or misleading statements concerning Rawlings' products, or otherwise cause injury to Rawlings' business reputation, including but not limited to, using or allowing the use of the glove depicted in Exhibit D;

(c) otherwise using the Rawlings Marks or unfairly competing with Rawlings in any manner whatsoever.

2. Rawlings be awarded all damages caused by the acts forming the basis of this Complaint;

3. Based on Defendant's knowing and intentional use of the Gold Glove Marks, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

4. Defendant be required to pay to Rawlings the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

5.       Based on Defendant's willful and deliberate infringement and dilution of the Gold Glove Marks, and to deter such conduct in the future, Rawlings be awarded punitive damages; and

6.       Rawlings be awarded such other and further relief as the Court may deem just.

DATED:  July 5, 2012

>
> Respectfully submitted,
>
> HUSCH BLACKWELL LLP
>
>
> */s/ Gary A. Pierson*
> Gary A. Pierson
> Michael J. Tolles
> 190 Carondelet Plaza, Suite 600
> St. Louis. MO 63105
> Telephone: 314-480-1500
> Fax: 314-480-1505
> Email: gary.pierson@huschblackwell.com
>            mike.tolles@huschblackwell.com
>
>
> *Attorneys for Plaintiff Rawlings Sporting Goods Company, Inc.*