**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAWLINGS SPORTING GOODS COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12-cv-01204-CDP |
| WILSON SPORTING GOODS CO., | ) ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF WILSON SPORTING GOODS CO.**

Defendant Wilson Sporting Goods Co., ("Wilson"), by and through its undersigned counsel, and for its answer and affirmative defenses to the Complaint of Plaintiff Rawlings Sporting Goods Company, Inc. ("Rawlings"), avers, admits and denies as follows:

**As To Introduction**

1.      This is an action at law and in equity for trademark infringement, dilution, and false advertising arising under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051, et seq.

**ANSWER**

Wilson admits that Rawlings purports to bring an action as stated, but denies that Rawlings states a legitimate claim under the Lanham Act, 15 U.S.C. §§ 1051, et seq. for infringement, dilution, false advertising, or otherwise.  Wilson denies all allegations not specifically admitted.

**As To Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over Rawlings' federal claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  The Court has subject matter jurisdiction over Rawlings' state statutory and common law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**

Wilson admits that this Court has subject matter jurisdiction over federal claims arising under 15 U.S.C. § 1121, but denies that jurisdiction exists for Rawlings' non-federal claims, including state common law and statutory claims.

3.      This Court has jurisdiction over Defendant by virtue of the fact that it is conducting business in this judicial district.

**ANSWER**

Admitted.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER**

Admitted.

**As To The Parties**

5.      Plaintiff Rawlings Sporting Goods Company, Inc. is a Delaware corporation with a principal place of business at 510 Maryville University Dr., Suite 110, St. Louis, MO 63141.

**ANSWER**

Wilson denies the allegations of Paragraph 5 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

6.      Rawlings manufactures and distributes sporting goods equipment for retail purchase and also provides such equipment for use by professional athletes, including Major League Baseball players.

**ANSWER**

Wilson denies that Rawlings manufactures sporting goods equipment for want of knowledge or information sufficient to form a belief as to the truth thereof. Wilson admits the remaining allegations of Paragraph 6 of the Complaint.

7.      Upon information and belief, Defendant Wilson Sporting Goods Co. is a Delaware corporation with its principal offices at 8750 W. Bryn Mawr Avenue, Chicago, IL 60631.

**ANSWER**

Wilson admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant manufactures and distributes sporting goods equipment for retail purchase. Upon information and belief, Defendant provides sporting goods equipment for use by professional athletes, including Major League Baseball players.

**ANSWER**

Wilson admits the allegations of Paragraph 8 of the Complaint.

## As To Facts Common To All Claims For Relief

9.      Rawlings is the originator of the famous GOLD GLOVE AWARD® which was created in 1957 to recognize outstanding fielding by professional baseball players.

**ANSWER**

Wilson denies that Rawlings has a famous trademark or term and denies the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth thereof.

10.     Around 1957, a Rawlings sales manager observed that over half the players in professional baseball wore a Rawlings baseball glove. To capitalize on this fact, Rawlings decided to create an award that recognized defensive excellence-the GOLD GLOVE AWARD®.

**ANSWER**

Wilson denies the allegations of Paragraph 10 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

11.     To create the original GOLD GLOVE AWARD®, Rawlings constructed a baseball glove made from gold tanned leather that was used in fashion footwear.

**ANSWER**

Wilson denies the allegations of Paragraph 11 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

12.     Since that time, Rawlings has distributed approximately 981 prestigious GOLD GLOVE® awards, all of which have consisted of the iconic gold baseball glove attached to a solid base. A photograph depicting Rawlings' prestigious GOLD GLOVE® award is attached hereto as Exhibit A.

**ANSWER**

Wilson denies the allegations of Paragraph 12 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, except that Wilson admits the Complaint has an Exhibit A which purports to depict an award.

13.     In addition, recipients who use Rawlings gloves are given a functional baseball glove for use on the field in professional play that includes metallic gold indicia on the glove itself.  Players covet this functional glove as a mark of achievement that is visible to the thousands of fans viewing an MLB game play both at the stadium and as televised.

**ANSWER**

Wilson denies the allegations of Paragraph 13 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

14.     The award is given annually to nine players from the American League and nine players from the National League. The managers and coaches in each league vote for the respective winners.

**ANSWER**

Wilson admits that Rawlings has issued an award to Major League Baseball players, but denies all remaining allegations of Paragraph 14 of the Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof.

15.     Over the past 50 years, the award has been bestowed on some of baseball's greatest defensive players-Ozzie Smith, Johnny Bench, and Brooks Robinson, to name a few. Today, the award remains the highest symbol of defensive excellence and one which players strive to achieve.

**ANSWER**

Wilson admits that Rawlings has issued an award to Major League Baseball players, but denies all remaining allegations of Paragraph 14 of the Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The GOLD GLOVE AWARD®, is one of the most recognized and coveted awards in professional baseball.

**ANSWER**

Wilson denies the allegations of Paragraph 16 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

17.     The GOLD GLOVE AWARD® is a key aspect of Rawlings' promotion and marketing for its sports equipment, particularly its baseball gloves.

**ANSWER**

Wilson denies the allegations of Paragraph 17 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

18.     The announcement and presentation of each award itself is accompanied by much fanfare. The award announcements are televised and covered extensively by national and international media. In 2011, the presentation of the awards took place at a prestigious event in New York City for the first time and will continue to take place on an annual basis.

**ANSWER**

Wilson denies the allegations of Paragraph 18 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Rawlings has promoted and advertised its GOLD GLOVE AWARD®

prominently for more than fifty years, and the GOLD GLOVE AWARD® is a well-known and

famous designation known throughout the United States and the world.

**ANSWER**

Wilson denies that Rawlings has a famous or well-known trademark or term and denies

the remaining allegations of Paragraph 19 of the Complaint for want of knowledge or

information sufficient to form a belief as to the truth thereof.

### As To The Rawlings Marks

20.     Rawlings is the owner of many famous registered and common law trademarks

associated with the Rawlings Gold Glove Awards. The marks include the registered word GOLD

GLOVE, GOLD GLOVE AWARD, and RAWLINGS GOLD GLOVE AWARD as well as the

common law trade dress embodied in the distinctive famous gold-colored baseball glove that

forms the centerpiece of the world famous Gold Glove Award. The above referenced trademarks

and trade dress are referenced hereafter as the "Gold Glove Marks."

**ANSWER**

Wilson denies that Rawlings has a famous mark.  Wilson denies that Rawlings has trade

dress rights.  Wilson denies that Rawlings has a distinctive or famous gold-colored mark or

glove.  Wilson denies the existence of "Golf Glove Marks" as defined above.  Wilson denies the

remaining allegations of Paragraph 20 of the Complaint.

21.     Rawlings owns a number of valid and subsisting United States Trademark

Registrations for the GOLD GLOVE, GOLD GLOVE AWARD and RAWLINGS GOLD

GLOVE AWARD marks. Rawlings' registrations include: Reg. No. 1,291,345; Reg. No.990,449;

and Reg. No. 1,945,584. True and correct copies of the Certificates of Registration corresponding to the aforementioned registrations are attached collectively as Exhibit B.

**ANSWER**

Wilson admits to the existence of Reg. No. 1,291,345; Reg. No.990,449; and Reg. No. 1,945,584.  Wilson denies that the registrations are valid and subsisting for purposes of the allegations made in this complaint.  Wilson denies the remaining allegations of Paragraph 21 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof except to admit that Exhibit B is attached to the Complaint and appears to contain copies of the referenced registrations. Further answering, Wilson avers that the referenced marks are word marks only and do not claim a specific color.

22.     In addition, United States Trademark Reg. No. 1,291,345; Reg. No. 990,449; and Reg. No. 1,945,584 are incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b).

**ANSWER**

Wilson denies the allegations of Paragraph 22 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.  Further answering, Wilson avers that the referenced marks are word marks only and do not claim a specific color.

23.     Rawlings or its predecessors in interest have used the GOLD GLOVE word mark continuously in this country since 1957.

**ANSWER**

Wilson denies all allegations of Paragraph 23 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

24.     The Gold Glove Marks and the goodwill of the business associated with them in the United States are of great value to Rawlings, are highly distinctive, and have become universally associated in the public mind with products and services of the very highest quality and reputation, with Rawlings as their source.

**ANSWER**

Wilson denies the existence of "Golf Glove Marks" as defined above.  Wilson denies the allegations of Paragraph 24.

25.     Each of the Gold Glove Marks is inherently distinctive and is associated with Rawlings and its products and services in the minds of consumers throughout the United States.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 25.

26.     Rawlings' trademarks are famous and well-known.

**ANSWER**

Wilson denies the allegations of Paragraph 26.

**As To Rawlings' Products**

27.     Rawlings has engaged in the marketing, distribution and sale of products depicting the Gold Glove Marks since long prior to the acts complained of herein and Rawlings is the owner of exclusive trademark rights therein.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies all allegations of Paragraph 27 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

9

28.     Consumer exposure to the GOLD GLOVE A WARD® comes not only through the widespread notoriety and fame of the award, but also through Rawlings' use of the marks on products, including miniature replica awards and a GOLD GLOVE line of leather baseball gloves.

**ANSWER**

Wilson denies that Rawlings has marks with widespread notoriety or fame.  Wilson denies the remaining allegations of Paragraph 28 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

### As To Defendant's Conduct

29.     Defendant is conducting a promotion for the 2012 baseball season in which Brandon Phillips (a professional Major League Baseball (MLB) player with the Cincinnati Reds) is using a baseball glove with metallic gold-colored webbing, stitching and lettering that was manufactured by Wilson (referred to herein as the "Infringing Wilson Glove").  These acts infringe Rawlings' rights in and to its Gold Glove Marks.  Photographs depicting baseball gloves issued by Wilson and bearing metallic gold-colored webbing, stitching and lettering are attached hereto as Exhibit C.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the existence of the "Infringing Wilson Glove" as that term is defined in this document.  Wilson denies the remaining allegations of Paragraph 29 of the Complaint.  Wilson avers that gold-colored stitching and lettering and webbing have been used regularly by Wilson on baseball gloves for many decades.

30.     Mr. Phillips is one of Wilson's paid endorsers and is also a three-time recipient of the Rawlings Gold Glove Award. Prior to winning the 2011 Rawlings Gold Glove Award, Wilson manufactured and supplied Mr. Phillips with a Wilson branded baseball glove that did not include metallic gold indicia.

**ANSWER**

Wilson admits that Brandon Phillips is a paid endorser for Wilson and that he has received awards during his career. Wilson denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Not only is Mr. Phillips using the Infringing Wilson Glove in the field during games, warm-ups, and practices, but Defendant and Mr. Phillips also have promoted the very existence of the glove (and its connection to Wilson) through various channels and media.  See Exhibit D.

**ANSWER**

Wilson denies the existence of the "Infringing Wilson Glove" as that term is defined in this document.  Wilson denies the remaining allegations contained in Paragraph 31 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof.

32.     Defendant is using the Gold Glove Marks in commerce in connection with advertising in order to advance its business and economic interests.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 32 of the Complaint.

33.     Defendant is not a subsidiary, affiliate, licensee or related company of Rawlings, and Rawlings has not authorized or licensed Defendant to advertise or in any way make use of the Gold Glove Marks, or any reproductions, copies or colorable imitations thereof.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson admits that it is not a subsidiary, or affiliate of Rawlings.  Wilson denies the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth thereof.  Further answering, Wilson states that no authority or license of or by Rawlings is required with respect to any of Wilson's accused actions, all of which are lawful.

34.     As a result of Defendant's conduct, Rawlings has suffered, and will continue to suffer irreparable injury to and dissipation of its reputation and goodwill for which Rawlings has no adequate remedy at law.

**ANSWER**

Wilson denies the allegations of Paragraph 34 of the Complaint.

### AS TO FIRST CLAIM FOR RELIEF

Federal Trademark Infringement (15 U.S.C. § 1114)

35.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

**ANSWER**

Wilson repeats the admissions, denials and averments contained of Paragraphs 1 through 34, as though fully rewritten herein.

36.     By engaging in the acts described above, Defendant has introduced and marketed products in interstate commerce using designations and representations that are confusingly similar to the registered Gold Glove Marks.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 36 of the Complaint.

37.     Defendant's actions are likely to cause confusion, to cause mistake, and to deceive purchasers, prospective purchasers, and the public.

**ANSWER**

Wilson denies the allegations of Paragraph 37 of the Complaint.

38.     Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Gold Glove Marks.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 38 of the Complaint.

39.     Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER**

Wilson denies the allegations of Paragraph 39 of the Complaint.

40.     Rawlings is being and will continue to be damaged by Defendant's infringing activities, which cause a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship or affiliation of the goods of Defendant.

**ANSWER**

Wilson denies the allegations of Paragraph 40 of the Complaint.

41.     Because of Defendant's infringing activities, Rawlings has suffered and will continue to suffer damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendant.

**ANSWER**

Wilson denies the allegations of Paragraph 41 of the Complaint.

42.     Because of Defendant's infringing activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

**ANSWER**

Wilson denies the allegations of Paragraph 42 of the Complaint.

**AS TO SECOND CLAIM FOR RELIEF**

Federal Unfair Competition (15 U.S.C. § 1125(a))

43.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

**ANSWER**

Wilson repeats the admissions, denials and averments contained in Paragraphs 1 through 42, as though fully rewritten herein.

44.     Defendant's use of colorable imitations of the Gold Glove Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and potential purchasers and members of

the public as to the affiliation, connection or association between Defendant and its products on the one hand, and between Rawlings, the Gold Glove Award and Rawlings products on the other hand, and/or as to the origin, sponsorship, authorization or approval of Defendant's goods by Rawlings.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 44 of the Complaint.

45.     Defendant's use and marketing of colorable imitations of the Gold Glove Marks has not been authorized by Rawlings.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 45 of the Complaint.

46.     Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with the Gold Glove Marks.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document. Wilson denies the allegations of Paragraph 46 of the Complaint.

47.     Rawlings is being and will continue to be damaged by Defendant's false designations and representations because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of Defendant's goods and services.

**ANSWER**

Wilson denies the allegations of Paragraph 47 of the Complaint.

48.     Because of Defendant's false designations and representations, Rawlings has suffered and will continue to suffer damage to its business reputation and goodwill, and the loss of sales and profits that Rawlings would have made but for Defendant's acts.

**ANSWER**

Wilson denies the allegations of Paragraph 48 of the Complaint.

49.     Defendant's false and deceptive designations and representations, violate Section 43(a) of the Lanham Act, 15 U.S. C. § 1125(a), and Rawlings has no adequate remedy at law.

**ANSWER**

Wilson denies the allegations of Paragraph 49 of the Complaint.

50.     Because of Defendant's infringing activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

**ANSWER**

Wilson denies the allegations of Paragraph 50 of the Complaint.

### AS TO THIRD CLAIM FOR RELIEF

### Federal Dilution (15 U.S.C. § 1125(c)

51.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

**ANSWER**

Wilson repeats the admissions, denials and averments contained in Paragraphs 1 through 50 as though fully rewritten herein.

52.     Rawlings has extensively and continuously promoted and used the Gold Glove Marks both in the United States and throughout the world, and those marks have become distinctive, famous, and well-known symbols of the Rawlings' goods and services well before Defendant's actions complained of in this Complaint.

**ANSWER**

Wilson denies that Rawlings has a famous, distinctive or well-known trademark, term or symbol.  Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 50 of the Complaint.

53.     Defendant used the Marks in commerce after the marks became famous.

**ANSWER**

Wilson denies that Rawlings has a famous trademark or term.  Wilson denies the allegations of Paragraph 53 of the Complaint.

54.     Defendant's unauthorized use of the Gold Glove Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Rawlings, tarnishing and degrading the positive associations and reputation of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Rawlings' goods and services.

**ANSWER**

Wilson denies that Rawlings has a famous trademark or term.  Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 54 of the Complaint.

55.     Defendant's actions demonstrate an intent to cause dilution of the Gold Glove Marks to the great and irreparable injury of Rawlings.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 55 of the Complaint.

56.     Because of Defendant's activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

**ANSWER**

Wilson denies the allegations of Paragraph 56 of the Complaint.

## AS TO FOURTH CLAIM FOR RELIEF

Federal False Advertising (15 U.S.C. § 1125(a)

57.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

**ANSWER**

Wilson repeats the admissions, denials and averments contained in Paragraphs 1 through 56 as though fully rewritten herein.

18

58.    Defendant's actions are creating a misleading impression that Wilson is affiliated with or an official sponsor of the GOLD GLOVE AWARD®.  Such actions constitute false or misleading statements of fact concerning the GOLD GLOVE AWARD®, Defendant's products, and a connection, affiliation, and/or sponsorship between Defendant, Defendant's products, and the GOLD GLOVE AWARD®.

**ANSWER**

Wilson denies the allegations of Paragraph 58 of the Complaint.

59.    Defendant has made these false or misleading statements in interstate commerce.

**ANSWER**

Wilson denies the allegations of Paragraph 59 of the Complaint.

60.    Defendant's false and misleading statements have actually deceived or will tend to deceive a substantial portion of the intended audience for Defendant's statements.

**ANSWER**

Wilson denies the allegations of Paragraph 60 of the Complaint.

61.    Defendant's false and misleading statements are material in that they have influenced or are likely to influence consumers purchasing decisions.

**ANSWER**

Wilson denies the allegations of Paragraph 61 of the Complaint.

62.    Defendant's false and misleading statements of fact have caused and will continue to cause harm to Rawlings.

**ANSWER**

Wilson denies the allegations of Paragraph 62 of the Complaint.

63.     Because of Defendant's activities, Rawlings is entitled to injunctive relief, an accounting for profits, damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1125, 1116 and 1117. Rawlings is further entitled to have its profits award enhanced and its damages award trebled as authorized by 15 U.S.C. § 1117.

**ANSWER**

Wilson denies the allegations of Paragraph 63 of the Complaint.

### AS TO FIFTH CLAIM FOR RELIEF

Missouri State Trademark Dilution (Mo. Rev. Stat.§ 417.061)

64.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein. This claim is a substantial and related claim to Rawlings' federal claims.

**ANSWER**

Wilson repeats the admissions, denials and averments contained in Paragraphs 1 through 63 as though fully rewritten herein, and denies the allegations contained in this paragraph.

65.     Rawlings has extensively and continuously promoted and used the Gold Glove Marks both in the United States and throughout the world, and those marks have become distinctive and well-known symbols of Rawlings' goods and services well before Defendant's actions complained of in this Complaint.

**ANSWER**

Wilson denies that Rawlings has a famous, distinctive or well-known trademark, term or symbol.  Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 65 of the Complaint.

66.     Defendant's unauthorized use of the Gold Glove Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Rawlings, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Rawlings' goods and services.

**ANSWER**

Wilson denies that Rawlings has a famous, distinctive or well-known trademark, term or symbol.  Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 66 of the Complaint.

67.     Defendant's actions are likely to cause injury to the business reputation of Rawlings.

**ANSWER**

Wilson denies the allegations of Paragraph 67 of the Complaint.

68.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Gold Glove Marks or to cause dilution of the Gold Glove Marks, to the great and irreparable injury of Rawlings.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 68 of the Complaint.

69.     Defendant is causing and will continue to cause irreparable injury to Rawlings' goodwill and business reputation, and dilution of the distinctiveness and value of Rawlings'

famous and distinctive Gold Glove Marks in violation of Missouri anti-dilution statute Mo. Rev. Stat.§ 417.061(1).

**ANSWER**

Wilson denies that Rawlings has a famous, distinctive or well-known trademark, term or symbol.  Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 69 of the Complaint.

70.     Rawlings is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER**

Wilson denies the allegations of Paragraph 70 of the Complaint.

## AS TO SIXTH CLAIM FOR RELIEF

### State Common Law Trademark Infringement and Unfair Competition

71.     Rawlings repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein. This claim is a substantial and related claim to Rawlings' federal claims.

**ANSWER**

Wilson repeats the admissions, denials and averments contained in Paragraphs 1 through 70 as though fully rewritten herein, and denies the allegations contained in this paragraph.

72.     Defendant's acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri.

**ANSWER**

Wilson denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant's acts have created, and unless restrained by this Court, will continue to create a likelihood of confusion and deception of the consuming public, causing irreparable injury to Rawlings for which Rawlings has no adequate remedy at law.

**ANSWER**

Wilson denies the allegations of Paragraph 73 of the Complaint.

74.     On information and belief, Defendant acted with full knowledge of Rawlings' use of, and statutory and common law rights to, the Gold Glove Marks and without regard to the likelihood of confusion and deception of the public created by those activities.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 74 of the Complaint.

75.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Gold Glove Marks to the great and irreparable injury of Rawlings.

**ANSWER**

Wilson denies the existence of "Gold Glove Marks" as that term is defined in this document.  Wilson denies the allegations of Paragraph 75 of the Complaint.

76.     As a result of Defendant's acts, Rawlings has been damaged in an amount not as yet determined or ascertainable.

**ANSWER**

Wilson denies the allegations of Paragraph 76 of the Complaint.

77.     Rawlings is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**ANSWER**

Wilson denies the allegations of Paragraph 77 of the Complaint.

78.     To the extent that Wilson has heretofore failed to respond to any allegation set forth in the Complaint to which a specific response is required, such allegation is hereby expressly denied.

## FIRST DEFENSE

79.     The Complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel and laches.  In particular, Rawlings has not objected to Wilson's regular use for decades of gold-colored stitching and lettering and webbing.

## SECOND DEFENSE

80.     Rawlings' Complaint fails to state a claim for which relief can be granted, and should be dismissed.

## THIRD DEFENSE

81.     Rawlings' Complaint should be dismissed to the extent Rawlings lacks standing to bring certain of the claims set forth in the Complaint.

## FOURTH DEFENSE

82.     Rawlings has an adequate remedy at law, barring any of the equitable relief sought.

## FIFTH DEFENSE

83.     Rawlings cannot establish any reasonably certain, quantifiable damages attributable to any actions by Wilson and therefore Rawlings cannot prove its claims.

## SIXTH DEFENSE

84.     Wilson has acted at all times in good faith in its dealings with Rawlings and has not infringed, intentionally or inadvertently, any rights or licenses held by Rawlings.

## SEVENTH DEFENSE

85.     There is no confusing similarity, and hence no likelihood of confusion, between the alleged marks of Rawlings and/or the design and appearance of its subject products, and the accused webbing, stitching, and/or lettering of the subject Wilson product.

## EIGHTH DEFENSE

86.     Rawlings cannot show that this is an "exceptional case" as that term is defined under applicable law.

## NINTH DEFENSE

87.     Wilson has acted unintentionally and without malice in the matters of which Rawlings complains in this action.

## TENTH DEFENSE

88.     Any use of alleged rights of Rawlings by Wilson is fair.

## ELEVENTH DEFENSE

89.     The alleged rights are generic, in whole or in part.

## TWELFTH DEFENSE

90.     The alleged rights are functional, in whole or in part.

## THIRTEENTH DEFENSE

91.     The alleged rights are not inherently distinctive, in whole or in part, and lack secondary meaning.

## FOURTEENTH DEFENSE

92.     Rawlings is not entitled to any damages because it cannot show any actual confusion.

## FIFTEENTH DEFENSE

93.     Rawlings is not entitled to any damages because it cannot show any actual loss attributable to the violations alleged in the Complaint

**WHEREFORE,** Wilson denies that Rawlings is entitled to judgment in Rawlings's favor on any count or cause set forth in the Complaint.  Wilson further denies that Rawlings is entitled to any of the relief or remedies sought in the Prayer for Relief.

**FURTHER,** Wilson respectfully requests that this Court dismiss Rawlings's Complaint with prejudice and award Wilson its costs and attorneys' fees incurred in defense of this action.

**BRYAN CAVE LLP**

By:  /s/ J. Bennett Clark
J. Bennett Clark, #30907MO
ben.clark@bryancave.com
Wilhemina Tyler, #1156683
wilhemina.tyler@bryancave.com
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020

Of  Counsel:
Jeffery A. Key
jakey@key-and-associates.com
Key & Associates Law Offices
321 North Clark Street, Suite 500
Chicago, IL 60654
Tel. (312) 560-2148
Fax (312) 957-1236
Attorneys for Defendant
Wilson Sporting Goods Co.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record on this 27th day of September, 2012.

/s/ J. Bennett Clark