**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAWLINGS SPORTING GOODS COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12-cv-01204-CDP |
| WILSON SPORTING GOODS CO. and BRANDON PHILLIPS, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT BRANDON PHILLIPS' MOTION TO DISMISS, WITH MEMORANDUM IN SUPPORT

Defendant Brandon Phillips ("Mr. Phillips"), by and through his counsel of record, moves this Court for an order of dismissal pursuant Fed. R. Civ. P. 12(b)(6) of Plaintiff Rawlings Sporting Goods Company, Inc.'s ("Rawlings") First Amended Complaint ("Complaint"). The grounds in support of this motion are set forth in the accompanying memorandum, which is incorporated by reference.

## MEMORANDUM IN SUPPORT

### I.      INTRODUCTION

Rawlings asserts that Mr. Phillips, a professional baseball player, and Wilson Sporting Goods Co. ("Wilson"), violated Rawlings' various trademark and trade dress rights when Wilson provided Phillips two baseball gloves with "metallic gold" colored features on a portion of the glove. Dkt. #23, ¶31. Rawlings' Claims for Relief are focused entirely around Mr. Phillips's use of a baseball glove with "metallic gold" features during baseball games, along with an assertion that fans have "tweeted" photos of the glove, and that the same constitutes "advertising." Dkt.

#23, ¶35. Rawlings does not have a trademark for the words or the color "metallic gold." Instead, Rawlings claims that Mr. Phillips's use of the color "metallic gold" violated three word trademarks, a word mark application, and a trade dress for a trophy. Rawlings collectively calls these five different things the "GOLD GLOVE MARKS." Rawlings does not allege that Mr. Phillips, or Wilson, have ever utilized the words "Gold Glove" in any manner. The Complaint is fatally defective because Rawlings has not met the minimum pleading requirements for asserting exclusive rights to the use of the color "metallic gold" on a baseball glove.

Rawlings collects its alleged rights into one bundle in an attempt to blur the facts and create the appearance of a legitimate suit. However, Rawlings' five alleged rights are disparate and none of them establish rights to the color "metallic gold."

**a.     U.S. Trademark Registration 1,291,345 for the words "Gold Glove."**

Rawlings asserts it owns the trademark for the **words** "Gold Glove." But Rawlings does not allege that Mr. Phillips (or Wilson) ever used the words "Gold Glove" in commerce or otherwise. Rawlings never asserts how a baseball player using a product in the game of baseball is engaged in the type of commerce required for a Lanham Act claim. Further, Rawlings' does not plead that its word mark covers the color "metallic gold."

**b.     U.S. Trademark Registration 990,449 for the words "Gold Glove Award."**

Rawlings asserts it owns the trademark for the **words** "Gold Glove Award." But Rawlings never alleges that Mr. Phillips (or Wilson) used the words "Gold Glove Award" in commerce or otherwise. Rawlings never asserts how a baseball player using a product in the game of baseball is engaged in the type of commerce required for a Lanham Act claim. Further, Rawlings' does not plead that its word mark covers the color "metallic gold."

c.  **U.S. Trademark Registration 1,945,584 for the words "Rawlings Gold Glove Award."**

Rawlings asserts it owns the trademark for the **words** "Rawlings Gold Glove Award." Again, Rawlings never alleges that Mr. Phillips, or Wilson, used the words "Rawlings Gold Glove Award" in commerce or otherwise. Rawlings never asserts how a baseball player using a product in the game of baseball is engaged in the type of commerce required for a Lanham Act claim. Further, Rawlings' does not plead that its word mark covers the color "metallic gold."

d.  **The trademark application for the words "The Gold Glove Co."**

Rawlings asserts it has filed a trademark **application** for the **words** "The Gold Glove Co." An application by itself does not constitute a right, and Rawlings does not plead that it has ever used the words in commerce[1], and thus never pleads that the words "The Gold Glove Co." establish a valid trademark right of Rawlings. Therefore, one of the alleged rights bundled into the so-called "GOLD GLOVE MARKS" is not a right at all. Furthermore, as with the other word marks, Rawlings never alleges that Mr. Phillips (or Wilson) used the words "Gold Glove Co." in commerce or otherwise, and Rawlings' does not plead that its word mark covers the color "metallic gold."

e.  **Rawlings' alleged trade dress in its trophy.**

Rawlings vaguely asserts common law trade dress rights "embodied in the distinctive famous metallic gold-colored baseball glove that forms the center piece of the world famous RAWLINGS GOLD GLOVE AWARD." (Dkt. #23, ¶22) To be clear, these alleged rights exist in a *trophy* given to players, including to Mr. Phillips on three occasions. However, Rawlings does not allege any of the facts necessary for

---

[1] Rawlings' trademark application in fact states that the words have ***not*** been used in commerce.

3

establishing a trade dress right in the color "metallic gold," including a failure to plead that the color "metallic gold" has acquired a secondary meaning and is recognized by consumers as a color that Rawlings' has exclusive ownership rights over for use on baseball gloves actually used in the game of baseball. Moreover, Rawlings fails to plead how Mr. Phillips' use of a gold color on a portion of his glove in baseball constitutes infringement of the alleged trade dress in a trophy.

Rawlings has therefore not pled facts that show that it owns rights to the exclusive use of the color "metallic gold" on a baseball glove. Rawlings can only obtain exclusive rights in its use of the color "metallic gold" if it alleges that its use of that color on its product has acquired "secondary meaning."[2] A trademark or trade dress in a color has acquired secondary meaning when, "in the minds of the public, the primary significance of a [color] is to identify the source of the product rather than the product itself."[3] Rawlings must plead with specificity that consumers identify Rawlings as the source of any "metallic gold" colored baseball gloves, and that the color "metallic gold" by itself has come to signify to the public a Rawlings glove. The Complaint does not meet this standard. While it is possible for a company to obtain rights in a color, Rawlings has failed to plead any facts that demonstrate that Rawlings has used the color "metallic gold" on its baseball gloves, and that its use of the color has been so consistent and pervasive as to have acquired "secondary meaning" in the minds of the public.

The Complaint is void of any pleading concerning secondary meaning regarding the use of any color on a baseball glove, whether white gold, yellow gold, rose gold, "metallic gold," or any other shade of gold. Rawlings points to no facts that demonstrate that when consumers see any shade of gold on a glove, they think of Rawlings. If "metallic gold" is the shade for which Rawlings now asserts an exclusive ownership right for use on a baseball glove, the Complaint

---

[2] *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 212 (2000).
[3] *Id.* at 211.

fails to plead how that right has arisen. The Court should dismiss Rawlings' Complaint under Rule 12(b)(6) because Mr. Phillips cannot violate a right that does not exist or has not been pled.

Importantly, Rawlings states that Mr. Phillips "is also a three-time recipient of the RAWLINGS GOLD GLOVE AWARD®." Dkt. #23-2. However, Rawlings does not plead any facts demonstrating how Mr. Phillips' use of a "metallic gold" colored glove infringes any alleged trademarks in the words Gold Glove, or variants thereof.[4]

## II.    BACKGROUND

Although Rawlings asserts that the use of the color "metallic gold" on a baseball glove violates it rights, Rawlings asserts no registration for the color "metallic gold." Instead, Rawlings asserts that Defendants Mr. Phillips and Wilson have infringed upon Rawlings' rights in the registered word trademarks "RAWLINGS GOLD GLOVE AWARD," "GOLD GLOVE AWARD," and "GOLD GLOVE;" a pending trademark application for the words "THE GOLD GLOVE CO.;" and common law trade dress "embodied in the distinctive famous metallic gold-colored baseball glove that forms the center piece of the world famous RAWLINGS GOLD GLOVE AWARD." Dkt. #23, ¶22. However, Rawlings neither asserts that Mr. Phillips ever used any of the words contained in any of the trademarks nor pleads facts that demonstrate that its word marks give rise to rights in a color.

Rawlings does not allege improper use of the registered word marks by Mr. Phillips or Wilson. If Rawlings believes that Mr. Phillips infringed one of the word marks, it should plead that event with specificity, for there is no allegation that Mr. Phillips ever used the words "gold

---

[4] Rawlings does not allege that Phillips, a professional ball player, is a merchant, makes sales, or competes with Rawlings in the marketplace. Yet Rawlings must prove that Phillips used the accused glove "in commerce" in order to successfully assert its federal claims.  Rawlings' attempts to meet this requirement by alleging that Phillips and Wilson used the so-called "Gold Glove Marks" in commerce "in connection with advertising." Dkt #22, ¶35.  This vague allegation then points to Twitter-feed tweets by Phillips' *fans* as evidence of the advertising. The tweets themselves merely show a picture of Phillips and his gold colored Wilson glove. The registered words "Gold Glove" are not used. The Court should take note of Rawlings' lack of specificity of which acts violate which separate and distinct alleged trademark or trade dress rights asserted in the Complaint.  Lumping five alleged rights together and asserting infringement of the bundle is not an appropriate infringement pleading.

5

glove" on the glove allegedly provided by Wilson to Mr. Phillips.  If Rawlings believes that Mr. Phillips has infringed only the alleged trade dress rights in the Rawlings trophy, Rawlings should plead this. Rawlings does not even attempt to plead how word marks owned by Rawlings can be infringed by a player using a glove bearing no such words.

### A.     The Registered Trademarks grant rights to Words, and Rawlings Does Not Allege That Mr. Phillips Actually Used Any Such Words

Rawlings claims that its so-called "GOLD GLOVE MARKS" includes two registered service marks: "RAWLINGS GOLD GLOVE AWARD" and "GOLD GLOVE AWARD." Each word service mark is associated with Rawlings' Gold Glove Award. Dkt. #23-2. The registration of these word trademarks is not even associated with any product, and each mark is registered in the **entertainment services** trademark class. *Id*. The registrations do not assert rights in the color "metallic gold." *Id*. Rawlings does not plead any facts that demonstrate that either of these two word marks has acquired secondary meaning in the use of the color "metallic gold" on its baseball gloves for use in the game of baseball. Rawlings never alleges that Mr. Phillips used either of these two word marks.

Rawlings next word trademark "GOLD GLOVE" is in the general class of sporting goods, but the mark does not cover any design or color attributes of a baseball glove. Dkt. #23-2. In other words, the mark only covers the use of the **words** "Gold Glove" on a glove. It is noteworthy that Rawlings itself does not even use the color gold or "metallic gold" on its own "Gold Glove" -labeled baseball gloves being sold today, thereby further disassociating the color "metallic gold" from the **words** of the mark. See http://www.rawlings.com/Series/Gloves/gold-glove. Again, Rawlings does not plead that this word mark has acquired secondary meaning in the use of the color "metallic gold."

### B.     The Application for a Trademark Creates No Rights to Rawlings and Therefore Cannot State A Claim Against Phillips

Rawlings next alleged word mark is a pending trademark application in the words "THE GOLD GLOVE CO." Dkt. #23, ¶22. According to the USPTO website, Rawlings filed this application as an "intent to use" trademark and accordingly, the application does not indicate that the mark was used in commerce. Rawlings has not pled trademark rights in this pending application, has not pled a date when this word mark was first used in commerce, and has not pled that this mark has acquired secondary meaning in the use of the color "metallic gold." Once again, there is no allegation that Mr. Phillips, or Wilson, ever used this set of words.

### C.    Rawlings' Does Not Properly Plead Common Law Rights To The Color "metallic gold"

The only facts pled by Rawlings that relate to its use of the color "metallic gold" is in the following description of a part of the alleged bundle of rights:

> "and the common law trade dress embodied in the distinctive famous metallic gold colored baseball glove that forms the centerpiece of the world famous RAWLINGS GOLD GLOVE AWARD®."

Dkt. #23, at ¶ 22.  Exhibit A to the Complaint is a color picture of the Rawlings Gold Glove Award trophy. Dkt. #23, ¶ 14, Dkt. #23-1. Rawlings does not allege that it has sold or distributed a single glove with a "metallic gold" color that has been used in the game of baseball, nor is one pictured in any one of the Exhibits to the Complaint.  The Complaint is therefore devoid of *any* use by Rawlings of the color "metallic gold" on baseball gloves used in play, let alone a consistent and pervasive usage creating a secondary meaning in the minds of the public that the use of a metallic gold color on the leather, stitching, or webbing on gloves means that the source is Rawlings.

Rawlings also alleges a vague claim of common law trade dress rights in its Gold Glove trophy. Dkt. #23, ¶22. Rawlings does not have a federal registration for this trade dress. Rawlings pleads in one sentence without reference to any Exhibit, that its trade dress rights are: "embodied" in its allegedly distinctive trophy. *Id.* Rawlings pleads no other facts regarding its

alleged trade dress right. Rawlings does not plead whether any Rawlings product uses its alleged trade dress. Rawlings does not plead how Mr. Phillips, a three-time recipient of the Gold Glove Award trophy, has somehow infringed the alleged trade dress. Finally, Rawlings does not plead whether any Rawlings baseball glove sold to consumers uses the color "metallic gold," or if Rawlings ever sold a glove adorned with metallic gold. All of the counts of the Complaint are defective as they all spring from the inadequate pleading in Paragraph 31 thereof.

### D.    Rawlings' Complaint Does Not Allege Facts Sufficient To Plead A Common Law Claim in the Color "metallic gold" Against Phillips

Rawlings has not put Mr. Phillips on notice as to which of its trademark or trade dress rights includes exclusive rights in the use of the color "metallic gold" or any other shade of gold on a baseball glove. Instead, Rawlings has inappropriately grouped word registrations, a word application, and common law rights into the so-called "GOLD GLOVE MARKS" in an attempt to obfuscate the rights it may or may not have.

Rawlings has not pled how it owns "metallic gold" under common law, or any other shades of gold. Rawlings has not pointed to a single actual playing glove made by Rawlings, let alone a pervasive use, such as would lead consumers to associate the color on gloves with Rawlings and no one else. Rawlings has not even pled that it uses today the color "metallic gold" on its own baseball gloves sold to consumers. Additionally, Rawlings has not pled facts sufficient to demonstrate that any Rawlings' baseball gloves with "metallic gold" coloring have acquired secondary meaning with the color "metallic gold" such that consumers identify the color "metallic gold" with Rawlings' baseball gloves. Importantly, consumers must associate Rawlings products with the color gold metallic **separate and apart** from the word "gold" or any other Rawlings' trademark. *See Louis Vuitton Malletier, v. Dooney & Bourke, Inc.*, 454 F.3d 108, 1115 (2d Cir. 2006); Trademark Manual of Examining Procedures, §1202.05(c) (Color as a Separable Element). Since Rawlings has not properly pled any rights in the exclusive use of the color

"metallic gold" on a baseball glove, and since each of Rawlings' Claims for Relief is ground in Mr. Phillips' alleged use of a glove decorated in part with the color "metallic gold," Rawlings' Complaint does not meet the pleading requirements of Fed. R. Civ. P. 8(a) and should be dismissed.

## III.    LEGAL ARGUMENT

### A.    Pleading Requirements For a Federal Court Complaint

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. A pleading is insufficient when it only alleges "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" without "further factual enhancement." *Id.*, quoting *Twombly, supra, at 557*.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, *supra*, at 664. The plausibility standard requires "more than a sheer possibility" that the defendant is liable for the acts alleged. *Id.,* at 678. Here, where Rawlings has pled no facts regarding its rights in the use of the color "metallic gold" on a baseball glove, and no facts to demonstrate that the color "metallic gold" has acquired secondary meaning as required by the Supreme Court, the Complaint should be dismissed. *Id.*

### B.    Rawlings Has Not Identified Which of The GOLD GLOVE MARKS Includes Exclusive Rights to The Use of The Color "Metallic Gold" on a Baseball Glove

There is no such thing as "Gold Glove Marks" as asserted in Rawlings' Complaint. That is simply a term invented by Rawlings in an attempt to blur its word registrations and its trophy award into a right covering an actual baseball glove. In fact, Rawlings' Complaint does not put Mr. Phillips on notice as to which of its alleged word trademarks, or its trade dress claim to a trophy, includes Rawlings' exclusive rights in the use of the color "metallic gold" on a baseball glove used in playing a game of baseball. Rawlings fails to even allege that it sells gloves emblazoned with metallic gold and that such gloves have obtained a secondary meaning.

Again, Rawlings is accusing Mr. Phillips of violating alleged rights in the word marks: a) "RAWLINGS GOLD GLOVE AWARD;" b) "GOLD GLOVE AWARD;" c) "GOLD GLOVE;" d) a pending trademark application for the words "THE GOLD GLOVE CO.;" and e) common law trade dress "embodied in the distinctive famous metallic gold-colored baseball glove that forms the center piece of the world famous RAWLINGS GOLD GLOVE AWARD,"  because Mr. Phillips allegedly used a baseball glove with "metallic gold" colored portions to play the game of baseball. Rawlings is not accusing Mr. Phillips, or Wilson, of using the words "Gold Glove," which form the basis for each of Rawlings' asserted word trademarks. None of Rawlings' word trademarks cover use of the color "metallic gold" on a baseball glove (or the color use at all), and Rawlings has not pled facts in the Complaint to indicate whether any or all of the word marks do in fact cover the use of the color "metallic gold."

Furthermore, Rawlings' alleged trade dress is associated only with a trophy given in an award ceremony. Rawlings has not plead any facts to demonstrate how this claimed trade dress for a glove as a trophy covers the use of "metallic gold" color on a part of an actual baseball glove for use in an actual baseball game. Mr. Phillips should not have to guess at the claims asserted against him. Rawlings' Complaint is insufficient because it fails to state a claim for relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949, quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955. For this reason alone, the Court should dismiss Rawlings' Complaint.

       **C.**      **Rawlings Has Not Pled Facts Sufficient to Demonstrate That Consumers Associate The Color "Metallic Gold" With Rawlings Baseball Gloves.**

A color can act as a trademark or trade dress *only* when one's use of the color has acquired secondary meaning. *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 211, 212 (2000); *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003) ("To plead a claim of trade dress infringement involving the appearance of a product, [a plaintiff] must allege that…the claimed trade dress has acquired secondary meaning…."). A trademark or trade dress in a color has acquired secondary meaning when, "in the minds of the public, the primary significance of a [color] is to identify the source of the product rather than the product itself." *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. at 211. Thus, Rawlings must allege sufficient facts to establish that in the mind of the consumer, Rawlings use of "metallic gold" on a baseball glove is enough, by itself, to identify the glove's source as Rawlings. Rawlings has not pled any facts that: 1) it consistently uses the color "metallic gold" on its baseball gloves; and 2) consumers associate the use of "metallic gold" on any part of an actual baseball glove with Rawlings as the source of the product. Rawlings simply has not pled any facts to support its contention that it owns the rights to the use of a "metallic gold" color on a baseball glove.

Rawlings has not pled facts to show that when consumers see "metallic gold" color on an actual baseball gloves, they think of Rawlings' gloves. Secondary meaning, or "acquired distinctiveness," requires that "the user of ... a [trade] dress ... show that by long and exclusive use in the sale of the user's goods, the [dress] has become so associated in the public mind with such goods that the [dress] serves to identify the source of the goods and to distinguish them from those of others." *Stuart Hall Co., Inc. v. Ampad Corp.*, 51 F.3d 780, 789 (8th Cir. 1995) *quoting Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 868 (8th Cir. 1994)."[T]he ultimate

inquiry is whether in the consumer's mind the mark denotes a 'single thing coming from a single source.'" *Co–Rect Products v. Marvy! Advertising Photography*, 780 F.2d 1324, 1330 (8th Cir.1985) (internal quotations omitted). Courts have looked to various factors to determine when a color has acquired secondary meaning: direct consumer testimony; consumer surveys; exclusivity, length, and manner of use; the amount and manner of advertising; the amount of sales and number of customers; established place in the market; and proof of intentional copying. *Heartland Bank v. Heartland Home Finance, Inc.*, 335 F.3d 810, 819 (8th Cir. 2003). Here, Rawlings' Complaint fails to address any of the above factors. Rawlings' states only the conclusion that its trade dress is distinctive; however, Rawlings fails to plead a single fact to demonstrate that Rawlings use of the color "metallic gold" on a glove has acquired secondary meaning. Mr. Phillips notes again that Rawlings does not even use today a gold color for the leather, stitching or webbing of the gloves marketed as the Rawlings "Gold Glove" line of gloves. http://www.rawlings.com/Series/Gloves/gold-glove. Rawlings' own advertising and marketing shows no connection between the word mark and the coloring of the actual gloves bearing the word mark.

Even a case where the plaintiff did associate the color with the product was dismissed where a plaintiff's complaint failed to plead facts to demonstrate secondary meaning. *Urban Group v. Dick's Sporting Goods, Inc.*, 2012 WL3240442 (S.D.N.Y. Aug. 7, 2012). In *Urban*, plaintiff claimed a trade dress in a trampoline with a red and black jumping mat. *Id.*, at *4. That complaint alleged that all its trampolines were sold with a red and black jumping mat that included the plaintiff's trademark. The complaint also stated the number of units sold, that the units were featured on several television shows, and that alleged the trade dress had become associated with the plaintiff in the eyes of the public. Despite these facts, the court found that plaintiff's complaint was insufficient because it failed to contain facts related to advertising

12

expenditures, consumer surveys, marketing coverage, or any prior attempts to plagiarize the design. *Id.*, at \*7. Citing the Supreme Court standard from *Iqbal* and *Twombly*, the district court dismissed the complaint for failure to properly plead secondary meaning in the plaintiff's use of the red and black colored pattern on a jumping mat. *Id.* In the present case, Rawlings has failed to allege any of these supporting facts as well. Moreover, Rawlings has failed to allege ***any*** use, let alone consistent and pervasive use, of a "metallic gold" color on the very product (actual baseball gloves) that it is accusing of infringement in this case.

In addition to the secondary meaning requirement, Rawlings must also show that its use of the color "metallic gold" is a separate element from its use of its other alleged word trademarks. *See* Trademark Manual Examining Procedures, §1202.05(c) (Color as a Separable Element). Rawlings cannot contend ownership of the use of the color "metallic gold" unless it pleads that the color itself creates a separate commercial impression from the word "gold" used in Rawlings' word trademarks. *See Louis Vuitton Malletier, v. Dooney & Bourke, Inc.*, 454 F.3d at 1115; Trademark Manual of Examining Procedures, §1202.05(c) (Color as a Separable Element).

Rawlings must plead that the public would identify the source of the glove by the color "metallic gold" alone, separate and apart from any other Rawlings' trademark. Since Rawlings never pleads its own use of the color "metallic gold" on a baseball glove, the only commercial impression related to the color "metallic gold" must come from the use of the word gold and not use of the color itself. Once again, Rawlings' Complaint fails to plead an exclusive right to the use of the color "metallic gold" on an actual baseball glove, and likewise, fails to demonstrate how Mr. Phillips's alleged use of a "metallic gold" color on a portion of a baseball glove would violate any Rawlings right.

**D.      Rawlings Has A Registered Trademark For A Red Patch And Accordingly Understands What Is Required To Obtain Trademark Rights In A Color**

Finally, the Court should note that Rawlings knows how to show secondary meaning in the use of a color. Rawlings owns trademark Registration No. 4,177,772 covering a Red Patch. To acquire this mark, the United States Trademark Office required Rawlings to submit evidence that consumers associate the color red with Rawlings products. Rawlings had to submit the following evidence to show secondary meaning: a) catalogs from 2003-2011 showing the Red Patch on an actual baseball glove in a red color; b) sales data of products using the Red Patch on actual baseball gloves in a red color from 2005-2009; c) baseball cards from 1960-2000 showing players with Rawlings' baseball gloves with a Red Patch in a red color; d) a declaration from a Rawlings' executive detailing the distinctiveness of the Red Patch in a red color on an actual baseball glove; e) printouts from www.rawlingsgear.com and vendor sites promoting the Red Patch and showing it on the actual baseball glove; f) two advertisements with glove and Red Patch displayed; g) a press release – "America's Greatest Brands" showing "Iconic Red Patch;" h) printouts from Vintage Baseball Glove Forum highlighting discussions of fans mentioning the Red Patch in a red color on an actual baseball glove; i) statements from 87 people who acknowledge they uniquely associate the Red Patch in a red color on an actual baseball glove with Rawlings; j) 116 statements from people recognizing that a very similar version of a red patch in a red color on an actual baseball glove is associated with Rawlings; and k) a statement that **"Virtually all of Applicant's gloves bear the Red Patch Logo and Rawlings' glove sales make up approximately 35% of the baseball glove market."** (emphasis added) See Application for Registration No. 4,177,772.

Rawlings has not pled any similar facts in the Complaint relating to a pervasive use and marketing that might support a secondary meaning in the color "metallic gold." In fact, Rawlings pleads no such facts at all. Rawlings' attempt to "own" the use of the color "metallic gold" on

baseball gloves falls woefully short of the steps it knows it needs to take from Rawlings' own

past experience in the United States Trademark Office for its red patch.

## IV.   CONCLUSION

Rawlings has not pled a single fact to support the allegation that Rawlings exclusively owns

the use of the color "metallic gold" on a baseball glove. Thus, Rawlings cannot claim Mr.

Phillips violated any right by his alleged use of a "metallic gold" coloring on a portion of his

baseball glove. Rawlings' general averments relate solely to its word marks and its award trophy,

none of which has it alleged were used by Mr. Phillips. Rawlings must plead more than just to

state that Mr. Phillips harmed it by using the gold color on a portion of his baseball glove. *Iqbal,*

*supra*., at 1949. Before Rawlings can claim Mr. Phillips violated its rights by allegedly using in

play a glove with "metallic gold" features, Rawlings must first plead facts that demonstrate its

rights in the color "metallic gold" on gloves, and state which rights were infringed by what acts

of Mr. Phillips. Rawlings must plead facts to support its contention that its use of the color

"metallic gold" on its products has acquired secondary meaning, and that consumers identify the

color "metallic gold" with Rawlings' gloves. Rawlings' Complaint does not meet this standard.

Rawlings' Complaint fails to even demonstrate its own uses of "metallic gold" colors on its

gloves. Rawlings' Complaint is insufficient under the pleading standard set forth by the Supreme

Court, and this Court should dismiss the Complaint.

Respectfully submitted,

By: /s/ Jeffery A. Key
Jeffery A. Key (*Pro Hac Vice*)
jakey@key-and-associates.com
Key & Associates Law Offices
321 North Clark Street, Suite 500
Chicago, IL 60654
Tel. (312) 560-2148
Fax (312) 957-1236

and

J. Bennett Clark, #30907MO
ben.clark@bryancave.com
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020

**Attorneys for Defendant
Brandon Phillips**


<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record on this 7th day of January, 2013.


/s/ Jeffery A. Key