UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RAWLINGS SPORTING GOODS )
COMPANY, INC., )
)
    Plaintiff, )
)
)  Case No. 4:12-cv-01204-CDP
    v. )
)
WILSON SPORTING GOODS CO., et al. )
)
    Defendants. )

### RESPONSE IN OPPOSITION TO DEFENDANT WILSON SPORTING GOODS CO.'S MOTION TO DISMISS

Plaintiff Rawlings Sporting Goods Company, Inc. ("Rawlings"), by and through its undersigned attorneys submits the following Response in Opposition to Defendant Wilson Sporting Goods Co.'s. ("Wilson") Motion to Dismiss based upon Federal Rule of Civil Procedure 12(b)(6) [Dkt. 33].

### INTRODUCTION

In short, Wilson's argument to support its Motion to Dismiss confuses the relevant pleading standards and ignores the plain and basic requirements for maintaining a cause of action under the Federal Rules of Civil Procedure. Contrary to Wilson's claims, and as more fully shown below, each element of each count averred in Rawlings' Amended Complaint [Dkt. 23] is pled with sufficient particularity and is accompanied by relevant details and supporting facts. Moreover, the cases Wilson relies upon in arguing the present Motion are inapplicable to the facts presented here and provide little to no support for Wilson's ill-founded positions. Finally, Wilson's Motion is procedurally improper, as

Wilson previously answered Rawlings' original Complaint [Dkt. 11] and none of the substantive allegations against Wilson were altered by Rawlings' in its Amended Complaint.[1] To the point, Wilson presents no meaningful basis for dismissal, and, accordingly, Wilson's Motion to Dismiss should be denied in its entirety.

In the alternative, if after examining the issue the Court disagrees that Rawlings has sufficiently pled its causes of action against Wilson, Rawlings respectfully seeks leave to amend its pleadings pursuant to Federal Rule of Civil Procedure 15(a).

## ARGUMENTS AND AUTHORITIES

### I.   Wilson Misstates the Relevant Pleading Standard

The well-worn standard for determining whether a party has adequately stated a cause of action under Rule 12(b)(6) is whether a complaint states factual allegations sufficient to maintain a plausible claim as "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007). Federal courts "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Consequently, "a complaint attacked by Rule 12(b)(6) motion to dismiss

---

[1] As more fully explained in Section IV, *infra*, Rawlings submitted its original Complaint in this action against Defendant Wilson Sporting Goods Co. only. [Dkt. 1]. Rawlings subsequently amended its Complaint to include related allegations against Defendant Brandon Phillips [Dkt. 22]. The allegations raised by Rawlings in its original Complaint against Wilson were not substantively modified in the Amended Complaint.

2

does not need detailed factual allegations." *Twombley*, 550 U.S. at 554. In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. *Murphy v. Aurora Loan Services, LLC*, 699 F.3d 1027, 1033 (8th Cir. 2012).

Here, Wilson unfortunately relies on an incomplete and misleading interpretation of Federal Rule of Civil Procedure 8 in maintaining that Rawlings has not sufficiently pled its asserted causes of action. Wilson is correct that pleading must contain more than "labels and conclusions" or a mere "formulaic recitation" of elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, even a cursory review of Rawlings' Amended Complaint shows that it is neither a recitation of conclusions nor a rote list of formulaic elements, but instead contains a well-pleaded and detailed set of allegations sufficient to state causes of action for trademark infringement, unfair competition, dilution, and false advertising under the Lanham Act and Missouri law.

Wilson's myopic focus on evidentiary matters and questions of fact are simply not proper subjects for a motion to dismiss. Stated simply, "a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" *Perrin v. Papa John's Int'l, Inc.*, 818 F.Supp.2d 1146 1150 (E.D. Mo. 2011) (quoting *Braden v. Wal-Mart Stores*, 558 F.3d 585, 594 (8th Cir. 2009)).

Further, in its review of the issues presented by Wilson's current motion, the Court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case,

3

and exhibits attached to the complaint whose authenticity is unquestioned' *without converting the motion into one for summary judgment.*" *Miller v. Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (emphasis added) (*quoting* Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). In sum, at the pleading stage, the question is not whether a plaintiff will ultimately prevail, but whether the complaint states sufficient factual allegations to cross the court's pleading threshold. *Skinner v. Switzer*, --- U.S. ---, 131 S.Ct. 1289, 1296 (2011).

II. **Each and Every Element of Rawlings' Causes of Action has been Properly Pled in its Amended Complaint.**

A reviewing court "must accept as true all of the allegations contained in a complaint…" *Iqbal*, 556 U.S. at 679. Moreover, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Rawlings has pled each and every element necessary to support its four federal allegations against the defendants.[2] In fact, Wilson's Motion to Dismiss does not allege otherwise, but instead attempts to argue evidentiary issues which are not proper at the pleading stage. As described in Section III, infra, Wilson's spends the bulk of its motion challenging Rawlings' evidence of secondary meaning in its trade dress and the scope of Rawlings' rights in its registered word marks. Under Rule 8, party need not prove its case at the pleading stage. *Twombley*, 550 U.S. at 554. Accordingly, Wilson's

---

[2] In addition, Rawlings has pled each and every element of its two related state law claims in Amended Complaint, the elements of which are identical or encompassed by Rawlings Federal claims. *Comm. of Christ Copyright Corp. v. Devon Park Restoration*, 634 F.3d 1005, 1010 (8th Cir. 2011). The sufficiency of these state law claims are not addressed or contested in Wilson's Motion to Dismiss.

4

arguments are not relevant. The only question before the Court is whether there are "well-pled factual allegations" sufficient to support Rawlings's causes of action. Each element for each cause of action in Rawlings' Amended Complaint has been properly pled. Wilson presents no argument to the contrary and its motion should therefore be rejected.

### A.   Federal Trademark Infringement (15 U.S.C. § 1114)

A claim for Federal trademark infringement requires "the trademark owner to prove that it has ownership or rights in the trademark and that the defendant has used the mark in connection with goods or services in a manner likely to cause consumer confusion as to the source or sponsorship of the goods or services." *Comm. of Christ Copyright Corp. v. Devon Park Restoration*, 634 F.3d 1005, 1009 (8th Cir. 2011). Trademark registration is *prima facie* evidence of ownership and exclusive right to use a mark in commerce, without restriction or limitation. 15 U.S.C. § 1057(b). Rawlings has pled ownership rights in the cited word marks, as evidenced by its federal registrations for same. (Amended Complaint at ¶¶ 23-24.) Wilson does not contest otherwise. Each and every element of Federal trademark infringement, including an allegation that Rawlings has been damaged as a result of Wilson's activity, has been pled in Rawlings Amended Complaint (*Id.* ¶¶ 41-48.) Wilson's motion to dismiss is accordingly without basis as to Count I of Rawlings' Amended Complaint.

### B.   Federal Unfair Competition (15 U.S.C. § 1125(a))

"Section 1125(a)(1)(A) prohibits false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's

distinctive mark, name, trade dress, or other device." *American Ass'n. of Orthodontists v. Yellow Book USA, Inc.*, 434 F.3d 1100, 1103 (8th Cir. 2006) (internal citation omitted). Rawlings' claim for Federal Unfair Competition particularly identifies Wilson's false and deceptive designations and representations, namely, the gloves manufactured and issued by Wilson to Brandon Phillips. The Amended Complaint also alleges damages Rawlings has suffered and will continue to suffer as a result of Wilson's activities. (Amended Complaint at ¶¶ 49 – 56.) These are all particular, factual allegations and Rawlings' pleading obligations have plainly been met with respect to Count II of its Amended Complaint.

### C. Federal Dilution (15 U.S.C. § 1125(c))

"To establish a claim for trademark dilution the plaintiff must show that (1) its mark is famous, (2) the defendant began using the mark after plaintiff's mark became famous, and (3) that defendant's mark dilutes the distinctive quality of plaintiff's mark by causing consumers to connect plaintiff's mark with different products." *Teter v. Glass Onion, Inc.*, 723 F.Supp.2d, 1138, 1157 (W.D. Mo. 2010) (citing *Luigino's Inc. v. Stouffer Corp.*, 170 F.3d 827, 832 (8th Cir. 1999). In its motion, Wilson makes no argument concerning Rawlings' dilution claims. Each and every element of Rawlings' dilution claim has been pled. (Amended Complaint at ¶¶ 57 – 62.) Rawlings' pleading obligations with respect to Count III of its Amended Complaint have been satisfied.

### D. Federal False Advertising (15. U.S.C. § 1125(a))

"To establish a Lanham Act false advertising claim, a plaintiff must prove (1) a false statement of fact by the defendant in a commercial advertisement about its own or

6

another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products." *Buetow v. A.L.S. Enterprises, Inc.* 650 F.3d 1178, 1182 (8th Cir. 2011) (internal citation omitted). As with its other claims, Rawlings has pled each and every one of these elements in Count IV. (Amended Complaint at ¶¶ 63-69).

Wilson does not allege that Rawlings has not properly pled an essential element of one or more of its federal claims and cannot in good-faith do so. Because each and every element of Rawlings federal claims is present on the face of the Amended Complaint and supported with additional relevant facts, Wilson presents no basis for dismissal and Wilson's motion should therefore be denied in its entirety.

### III. Wilson's Motion Misstates Rawlings' Case and Raises Fact and Evidentiary Questions that are Impropriate at the Pleading Stage

As detailed above, Wilson's Motion to Dismiss does not actually allege that Rawlings failed to plead necessary elements of its causes of action. Rather, Wilson uses the motion as an attempt to reframe what this case is actually about. Specifically, Wilson attempts to re-define the scope of the rights Rawlings is asserting and thereby construct different and higher standards for what Rawlings must plead. Worse yet, Wilson asks the Court to rule on these questions of fact in the context of a motion to dismiss. None of

7

Wilson's demands are appropriate at the pleading stage, and the Court must therefore deny the motion.

### A. Rawlings' Word Marks

With respect to Rawlings' word marks, Wilson makes numerous statements that have no relevance to the issues before the Court or whether Rawlings has adequately pled its claims here. Specifically, Wilson states that Rawlings' registrations' for its word marks "do not assert rights in the color metallic gold" and that Rawlings has not pled facts that demonstrate that "these two word marks has (sic) acquired secondary meaning in the use of the color "metallic gold." (*See Motion to Dismiss* at p. 4 [Dkt. 33]). Wilson repeats these statements for each of Rawlings' word marks.

Simply put, Wilson's statements make no sense and have nothing to do with the adequacy of Rawlings' pleading. The registrations Rawlings cites in its Amended Complaint are for three specific word marks, namely GOLD GLOVE, GOLD GLOVE AWARD, and RAWLINGS GOLD GLOVE AWARD.[3] Wilson's attempt to pretend that Rawlings is claiming that these word marks give it the exclusive right to use the color metallic gold apart from the other elements of Rawlings' claimed trade dress is nonsensical. Similarly, Wilson provides no support for its repeated assertions that Rawlings should have to prove that these word marks have acquired secondary meaning.

Rawlings maintains three federal registrations for its GOLD GLOVE MARKS. (Amended Complaint at ¶ 22.) Each of the registered marks entitles Rawlings to all of the

---

[3] Rawlings' registered marks have reached incontestable status pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065, 1115(b), and as such Wilson cannot challenge them based upon lack of distinctiveness. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 (1985).

8

rights afforded by registration with the United States Patent Trademark Office, including the exclusive right to use these marks in relation to the products and services for which they are registered. In addition, numerous federal courts have recognized that federal registrations for word marks extend to their pictorial equivalents. *See, e.g. Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254 (2nd Cir. 1987) (word mark "PEGASUS PETROLEUM" held confusingly similar to plaintiff's registration for flying horse); *Beer Nuts, Inc. v. King Nut Co.*, 477 F.2d 326 (6th Cir. 1973) (affirming district court determination that word mark and pictorial equivalent "are treated the same in determining the likelihood of confusion between two marks"); *Izod, Ltd. v. Zip Hosiery Co.*, 405 F.2d 575 (C.C.P.A.1969) (holding pictorial representation of tiger confusingly similar to "Tiger Head" word mark).

As the cases above demonstrate, well-established trademark law provides a basis for Rawlings' position that its word marks can be infringed by a pictorial depiction that is confusingly similar to those marks. However, whether there in fact is a likelihood of confusion with respect to Wilson's use of such an image is a question of fact and therefore is not properly before the Court on a motion to dismiss.

> B. **Rawlings' Trade Dress**

Wilson extends its badly misleading summary of Rawlings' case by ignoring Rawlings' trade dress claims and the relevant standards for protecting trade dress. As plainly stated in Rawlings' Amended Complaint, Rawlings is the owner of "common law trade dress embodied in the distinctive famous metallic gold-colored baseball glove that forms the centerpiece of the world famous RAWLINGS GOLD GLOVE AWARD®"

9

(Amended Complaint at ¶ 22.) Importantly, the color metallic gold is only one aspect of Rawlings' trade dress. As Wilson well knows, trade dress "may include features such as size, shape, color or color combinations, texture [or] graphics"). *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764-765 (1992) (holding that the décor and design elements of a restaurant constitute inherently distinctive trade dress). However, it is not any of those individual features alone that constitute trade dress but rather the total image and overall impression created. *See Gateway, Inc. v. Companion Products, Inc.*, 384 F.3d 503, 507 (8th Cir. 2004) (internal citation omitted).

Wilson insists that Rawlings must prove that the trade dress it asserts has acquired secondary meaning, but this ignores the fact that Supreme Court jurisprudence "unquestionably establishes the legal principle that trade dress can be inherently distinctive." *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 215 (2000), (citing *Two Pesos*, 505 U.S. at 765). The Court has determined that a specific type of trade dress – referred to by the Court as "product-design" trade dress – cannot be inherently distinctive but rather is protectable only upon a showing of secondary meaning. *Wal-Mart Stores*, 529 U.S. at 216. Yet Rawlings' asserted trade dress in this case is not the type of "product design" trade dress referenced by the Court. Rawlings' trade dress includes a metallic gold-colored baseball glove that forms the centerpiece of the award given to winners of the RAWLINGS GOLD GLOVE AWARD. This is not a product that is sold consumers, but rather a symbol that represents an award granted to the most elite class of professional baseball players. As Rawlings asserted in its Amended Complaint, this trade dress "is inherently distinctive and is uniquely associated

10

with Rawlings and its products and services in the minds of consumers throughout the United States." (Amended Complaint at ¶ 28.)

Even if this trade dress is ultimately determined not to be inherently distinctive, Rawlings has certainly pled acquired distinctiveness through secondary meaning. "The GOLD GLOVE MARKS and the goodwill of the business associated with them in the United States are of great value to Rawlings, are highly distinctive, and have become universally associated in the public mind with products and services of the very highest quality and reputation, with Rawlings as their source." (Amended Complaint at ¶ 26). This is the very definition of acquired distinctiveness as pronounced by the United States Supreme Court. *See Wal-Mart Stores* 529 U.S. at 211 (2000) ("[A] mark has acquired distinctiveness, even if it is not inherently distinctive, if it has developed secondary meaning, which occurs when, in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself." (internal citation omitted).

However, whether Rawlings' pleaded trade dress has acquired distinctiveness is ultimately a fact issue for trial. *See Scholastic, Inc. v. Stouffer*, 124 F.Supp.2d 836, 849 (S.D.N.Y. 2000) (secondary meaning "issues involve questions of law and fact that go well beyond the pleadings"; motion to dismiss denied). Wilson's protests and claimed insufficiencies are simply not germane.

### C.   Wilson's Arguments are Inapplicable at the Pleading Stage

Wilson's motion improperly attempts to foreclose Rawlings from the opportunity to present evidence to support its claims in this action. Ultimate factual questions and

11

assertions of evidence are inappropriate at the pleading stage. "The court must draw reasonable inferences in favor of the nonmoving party, and [a] motion to dismiss under Rule 12(b)(6) is appropriate only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 764 (8th Cir. 2011) (quoting *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062 (8th Cir. 2005). Rawlings's Amended Complaint has more than met this liberal pleading standard.

In addition, the case law Wilson cites in support of it motion are inapplicable to the present stage of this litigation and the facts pertinent to this case. Wilson's primary case, *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108 (2nd Cir. 2006) concerns an appeal of a district court's denial of a motion for preliminary injunction. This case does not concern the sufficiency of the plaintiff's pleading and is not relevant in the context of presenting a motion to dismiss under Rule 12(b)(6). Likewise, *Sherwood 48 Associates v. Sony Corp. of America*, 76 Fed. Appx. 389 (2nd Cir. 2003), concerns an appeal of a district court's summary judgment ruling. *Sherwood 48* concerns the sufficiency of evidentiary matters not relevant to a 12(b)(6) motion. It too is inapplicable. Moreover, unlike the plaintiff in *Urban Group v. Dick's Sporting Goods Inc.*, 2012 WL 3240442 (S.D.N.Y. Aug. 7, 2012), Rawlings maintains federal trademark registrations in addition to its distinctive trade dress. Unlike the complaint in *Urban Group*, Rawlings' Amended Complaint contains extensive supporting factual allegations concerning the history, marketing, and promotion of the trade dress at issue. (*See* Amended Complaint at ¶¶ 11- 21.)

12

Wilson's Motion to Dismiss is focused on ultimate factual issues, none of which are appropriate for analysis at the pleading stage. The remainder of Wilson's motion contains disingenuous allegations that Rawlings' Amended Complaint allegedly lacks "supporting details." This allegation is simply false, as Rawlings' Amended Complaint contains numerous details on Rawlings' trademarks, the history and practice of the RAWLINGS GOLD GLOVE AWARD®, and the Defendants' infringing and unfair competitive practices. (*See, e.g.* Amended Complaint, at ¶¶ 11-21 and ¶¶ 31-40).

Wilson's motion is merely an attempt to convert Rawlings' Amended Complaint and Rawlings' asserted trademark rights into something they are not and into something more to Wilson's liking. Because Wilson does not and cannot demonstrate that Rawlings failed to meet its pleading requirements, Wilson's motion must be denied.

### IV. Wilson's Motion to Dismiss is Procedurally Improper

Rawlings filed its original Complaint in this matter against Defendant Wilson on July 15, 2012 [Dkt. 1]. Rawlings' original Complaint contained four Federal causes of action and two state-law based causes of action against Wilson. *Id.* On September 27, 2012, Wilson filed its Answer to Rawlings Complaint, including fifteen separate affirmative defenses [Dkt. 11]. On December 3, 2012, Rawlings filed an Amended Complaint in order to add an additional defendant, Brandon Phillips. Rawlings' Amended Complaint contains the same counts as the original Complaint, only modified to include an additional defendant and identify Wilson and Brandon Phillips as joint tortfeasors. (*See* Amended Complaint at ¶¶ 31- 40).

13

Wilson's motion to dismiss, filed after it had already answered the same allegations in Rawlings' original Complaint, is untimely under Federal Rule of Civil Procedure 12(b)(6). *See State Farm Fire & Cas. Co. v. Spradline Home Inspections, LLC*, No. 4:10-cv-0V-01887NAB, 2011 WL 4056042 *1 (E.D. Mo. 2011) ("A motion under Rule 12(b) 'must be made before pleading if responsive pleading is allowed.'") (citing Fed. R. Civ. P. 12(b)). Other courts examining this issue have come to the same conclusion. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) ("Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted."); *Kema, Inc. v. Koperwhats*, 658 F.Supp.2d 1022, 1027 (N.D. Cal. 2009) (defendants' motion to dismiss untimely under Rule 12(b) when filed after they had filed their answer); *McMillian v. District of Columbia*, 233 F.R.D. 179, 182 (D.D.C. 2005) (same).

Wilson had no problem formulating an answer to Rawlings' original complaint and the factual allegations therein. To the extent Wilson claims that Rawlings' amendment to include an additional defendant rendered Wilson unable to respond to Rawlings' claims, these protests are disingenuous. Rawlings claims against Wilson are the same as they have ever been. Therefore, pursuant to Rule 12(b), Wilson's motion to dismiss is untimely and should be dismissed.

### V. In the Alternative, If this Court Disagrees with Rawlings, Rawlings Seeks Leave to Amend Its Complaint.

In the alternative, should this Court find that Rawlings has failed to plead sufficient facts to support their claims against Wilson, Rawlings seeks leave to file an

14

amended Complaint, pursuant to Fed. R. Civ. Pro 15(a). Leave to amend should be freely given when justice so requires. Fed. R. Civ. Pro. 15(a)(2).

## CONCLUSION

Rawlings has more than met its pleading burden and has presented plausible claims against Wilson that encompass each and every element necessary to sustain a cause of action. Wilson's arguments are concentrated on evidentiary matters and questions of fact which are not suitable for a motion to dismiss, rather than the presence of the elements necessary to sustain a cause of action. Finally, because Wilson has already submitted a response and affirmative defenses to a pleading containing identical allegations against it, Wilson's motion is untimely. Should the Court disagree, Rawlings asks the Court for leave to cure any perceived deficiencies in its current pleading.

WHEREFORE, Plaintiff Rawlings Sporting Good Company, Inc. requests that Defendant Wilson Sporting Good Co.'s Motion to Dismiss be denied in its entirety, or in the alternative, that Rawlings be granted leave to amend any deficiencies in the pleadings identified by the Court and for such other and further relief as the Court deems necessary and just under the circumstances.

Dated: January 14, 2013

        Respectfully submitted,

        HUSCH BLACKWELL LLP

        /s/ Michael J. Tolles
        Michael R. Annis
        Michael J. Tolles
        190 Carondelet Plaza, Suite 600
        St. Louis. MO 63105
        Telephone: 314-480-1500
        Fax: 314-480-1505
        Email: mike.annis@huschblackwell.com
               mike.tolles@huschblackwell.com

        and

        Gary A. Pierson
        3407 South Jefferson
        St. Louis, MO 63118
        Email: gary@garypierson.com

        *Attorneys for Plaintiff Rawlings Sporting Goods Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system on this 14th day of January, 2013 upon:

J. Bennett Clark
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
ben.clark@bryancave.com

and

Jeffery A. Key
Key & Associates Law Office
321 North Clark Street, Suite 500
Chicago, IL 60654
jakey@key-and-associates.com

*Counsel for Wilson Sporting Goods Co.*

/s/ Michael J. Tolles