UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAWLINGS SPORTING GOODS COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILSON SPORTING GOODS CO., *et al.* <br><br> Defendants. | Case No. 4:12-cv-01204-CDP |

### RESPONSE IN OPPOSITION TO DEFENDANT BRANDON PHILLIPS' MOTION TO DISMISS

Plaintiff Rawlings Sporting Goods Company, Inc. ("Rawlings"), by and through its undersigned attorneys submits the following Response in Opposition to Defendant Brandon Phillips' ("Phillips") Motion to Dismiss ("Phillips' Motion to Dismiss") [Dkt. 38] based upon Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Phillips' Motion to Dismiss is nearly identical to the motion submitted by his co-defendant, Wilson Sporting Goods Co. (*See* Defendant Wilson Sporting Goods Co.'s Motion to Dismiss, With Supporting Memorandum [Dkt. 33] ("Wilson's Motion to Dismiss".) Similar to the Motion submitted by Wilson, Phillips' Motion to Dismiss relies on the same misstatement of federal pleading standards and misrepresentations of the allegations set forth in Rawlings' Amended Complaint [Dkt. 23]. In his Motion, Phillips does not allege that Rawlings has failed to plead one or more of the elements of Rawlings' federal or state-law causes of action. Instead, Phillips maintains that Rawlings

cannot ultimately prove certain factual matters and/or present sufficient evidence in support of its claims. These arguments are irrelevant at the pleading stage, which concerns only the sufficiency of Rawlings' allegations. Like his co-defendant, Phillips confuses the relevant pleading standards and ignores the plain and basic requirements for maintaining a cause of action under Federal Rule of Civil Procedure 8. As is more fully shown below, each and every element of each and every count averred by Rawlings in its Amended Complaint is pled with sufficient particularity and is accompanied by relevant details and supporting facts. Phillips' case citations, the same cases cited by Wilson, are inapplicable to the facts in this litigation and inappropriate for consideration at the pleading stage. Phillips' Motion to Dismiss breaks no new ground, presents no meaningful basis for dismissal, and, accordingly, should be denied in its entirety.

In the alternative, if after examining the issue the Court disagrees that Rawlings has sufficiently pled its causes of action against Phillips, Rawlings respectfully asks the Court for leave to cure any perceived deficiencies in its current pleading pursuant to Federal Rule of Civil Procedure 15(a).

## ARGUMENTS AND AUTHORITIES

### I. Phillips' Motion To Dismiss Presents Identical Arguments Raised in Wilson's Motion To Dismiss

With few exceptions, and as noted more fully below, Phillips' Motion to Dismiss presents the identical arguments and issues raised in Wilson's Motion to Dismiss. Indeed, the majority of Phillips' Motion is simply adopted verbatim from Wilson's motion. Rather than burden the Court with additional, duplicative briefing, Rawlings

restates, adopts and incorporates Sections I, II, and III of its Memorandum in Opposition to Wilson's Motion to Dismiss [Dkt. 39] (pp. 2 – 13) as part of this Memorandum in Opposition as if fully set forth herein.

### II. Rawlings Has Adequately Pled Allegations of Phillips' "Use in Commerce" of the Infringing Wilson Glove at Issue

Phillips raises two arguments in support of his motion to dismiss that were not addressed by Wilson, both of which are misleading and misstate Rawlings' allegations. First, Phillips contends that "Rawlings never alleges that Mr. Phillips (or Wilson) used the words 'Gold Glove Award' in commerce in otherwise". As stated below, this allegation is irrelevant to the issue before the Court. Second, Phillips suggests that "Rawlings never asserts how a baseball player using a product in the game of baseball is engaged in the type of commerce required for a Lanham Act claim."[1] Here, Phillips is simply wrong. Moreover, Phillips cites to no case law in support of either of these propositions, neither of which presents a basis for dismissal.

### A. Phillips' Word Mark Argument is Irrelevant and Misleading

Phillips' argument amounts to the position that by him not using the words "Gold Glove Award" that Rawlings has therefore not adequately pled a cause of action against him. This position is nonsensical as it ignores the statements in Rawlings' Amended

---

[1] These arguments are presented three times, with the exact same wording, in separate sections addressing each of Rawlings' federal trademark registrations. Phillips also repeats allegations stated in Wilson's Motion to Dismiss that "Rawlings' (sic) does not plead that its word mark covers the color 'metallic gold.'" This argument is fully addressed in Rawlings' Response in Opposition to Wilson's Motion to Dismiss [Dkt. 39] and is adopted and incorporated herein. Finally, Phillips references Rawlings' trademark application for The Gold Glove Co. Rawlings' lists this application in its Amended Complaint by way of presenting a complete picture of Rawlings' trademark efforts. The Amended Complaint does not allege that Rawlings' rights stem from its pending application.

Complaint and contrary to well-established law. Rawlings maintains three federal registrations for its GOLD GLOVE MARKS. (Amended Complaint [Dkt. 23] at ¶ 22.) Each of the registered marks entitles Rawlings to all of the rights afforded by registration with the United States Patent Trademark Office, including the exclusive right to use these marks in relation to the products and services for which they are registered. In addition, federal registrations for word marks extend to their visual depictions. *See, e.g. Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254 (2nd Cir. 1987) (word mark "PEGASUS PETROLEUM" held confusingly similar to plaintiff's registration for flying horse); *Beer Nuts, Inc. v. King Nut Co.*, 477 F.2d 326 (6th Cir. 1973) (affirming district court determination that word mark and visual representation "are treated the same in determining the likelihood of confusion between two marks"); *Izod, Ltd. v. Zip Hosiery Co.*, 405 F.2d 575 (C.C.P.A.1969) (holding visual representation of tiger confusingly similar to "Tiger Head" word mark).

Well-established trademark law provides a basis for Rawlings' position that its word marks can be infringed by visual depictions that are confusingly similar to those marks. Phillips cites no case law to the contrary. Whether Phillips uses the words "Gold Glove" or its visual equivalent is irrelevant. Phillips ignores Rawlings' allegations and attempts to substitute his own preferred reading of Rawlings' registrations and the rights they confer. Each and every element of Rawlings' causes of action has been satisfied and Phillips has demonstrated nothing to suggest otherwise.

    **B.**    **Rawlings Has Sufficient Pled Phillips' 'Use in Commerce' of the Infringing Glove**

Rawlings has more than met its burden of pleading that Phillips' actions amount to 'use in commerce'. As stated by Rawlings, "Defendants Wilson and Phillips in conjunction and in active concert with one another are conducting a baseball-themed promotion in which Mr. Philips is using a baseball glove with metallic gold-colored webbing, web stitching and lettering that was manufactured by Wilson." (Amended Complaint, ¶ 13.) Rawlings has pled that Phillips is a paid endorsee of Wilson who is contractually obligated to use Wilson's products during practice and official play (Amended Complaint, ¶ 33). Rawlings has also pled that Phillips uses a metallic-gold glove in play for Major League Baseball games, practices, and warm-ups as well as promoted the existence of the glove through various channels and media (Amended Complaint, ¶34.)[2] Additionally, Rawlings has alleged Phillips and Wilson have used and are using Rawlings' marks "*in commerce* in connection with advertising in order to advance their combined business and economic interests." (Amended Complaint, ¶35) (emphasis added).

Each of the above statements alleges that Phillips' uses Rawlings' marks "in commerce." Phillips does not so much argue otherwise, but instead maintains that Rawlings' Amended Complaint does not state "how" Phillips uses Rawlings' marks in commerce. This argument is puzzling, as Rawlings' Amended Complaint plainly states that Phillips has uses the glove or gloves at issue during play and exhibition in Major

---

[2] Somewhat bizarrely, Phillips' Motion to Dismiss also states that Rawlings "points to Twitter-feed tweets by Phillips' fans as evidence of the advertising." (*See* Motion to Dismiss at p.5, FN4). To be sure, Rawlings alleges that Phillips himself, in conjunction with Wilson, and not Phillips' fans, uses the social-media website Twitter for the active promotion of the metallic-gold gloves at issue in this case. (*See* Amended Complaint at ¶34). Rawlings is uncertain as the basis of Phillips' statement that Phillips' fans are somehow responsible for the maintenance of Phillips' twitter feed.

League Baseball games, maintains a contractual relationship with Wilson for the express purpose of promoting Wilson merchandise to the general public, and promoting the very existence of the metallic-gold gloves at issue, and furthering Wilson's and Phillips' combined business and economic interests.

More importantly, at the pleading stage Rawlings is only required to allege that Philips has, in fact, used Rawlings' marks in commerce. Contrary to Phillips' position, Rawlings is not required to explain how something is "used in commerce." Fed. R. Civ. P. 8 and well-worn pleading standards only require allegations sufficient to maintain a plausible claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 577 (2007). What constitutes use in commerce, which Rawlings has specifically pled with supporting factual allegations, is a question of fact not appropriately considered at the pleading stage. *See Masters v. UHS of Delaware, Inc.*, 631 F.3d 464 (8th Cir. 2011) (analyzing "use in commerce" as part of summary judgment proceeding); *Sensient Tech. Corp. v. Sensient Flavors, Inc.*, 613 F.3d 754 (8th Cir. 2010) (same).

Again, Phillips' motion attempts to twist the pleading requirements of Fed. R. Civ. P. 8 and the allegations contained in Rawlings' Amended Complaint. Rawlings has more than met it requirements to plead "use in commerce" and accordingly Phillips' motion must be denied.

### III. In the Alternative, If this Court Disagrees with Rawlings, Rawlings Seeks Leave to Amend Its Complaint.

In the alternative, should this Court find that Rawlings has failed to plead sufficient facts to support their claims against Wilson, Rawlings seeks leave to file an

amended Complaint, pursuant to Fed. R. Civ. Pro 15(a). Leave to amend should be freely given when justice so requires. Fed. R. Civ. Pro. 15(a)(2).

## CONCLUSION

Rawlings has more than met its pleading burden and has presented plausible claims against Phillips that encompass each and every element necessary to sustain a cause of action. Phillips' motion misstates Rawlings's case and attempts to distract the Court by focusing on arguments not actually raised by Rawlings' in its Motion to Dismiss. The remainder of Phillips arguments are concentrated on evidentiary matters and questions of fact which are not suitable for a motion to dismiss, rather than the presence of the elements necessary to sustain a cause of action. Finally, Phillips insistence that Rawlings' has not adequately pled "use in commerce" allegations, despite specific and particular allegations raised by Rawlings, is simply nonsensical. Phillips motion should be denied in its entirety. Should the Court disagree, Rawlings asks the Court for leave to cure any perceived deficiencies in its current pleading.

WHEREFORE, Plaintiff Rawlings Sporting Good Company, Inc. requests that Defendant Brandon Phillips Motion to Dismiss be denied in its entirety, or in the alternative, that Rawlings be granted leave to amend any deficiencies in the pleadings identified by the Court and for such other and further relief as the Court deems necessary and just under the circumstances.

Dated:  January 17, 2013

                              Respectfully submitted,

                              HUSCH BLACKWELL LLP

                              <u>/s/ Michael J. Tolles</u>
                              Michael R. Annis
                              Michael J. Tolles
                              190 Carondelet Plaza, Suite 600
                              St. Louis. MO 63105
                              Telephone: 314-480-1500
                              Fax: 314-480-1505
                              Email: mike.annis@huschblackwell.com
                                            mike.tolles@huschblackwell.com

                              and

                              Gary A. Pierson
                              3407 South Jefferson
                              St. Louis, MO 63118
                              Email: gary@garypierson.com

                              *Attorneys for Plaintiff Rawlings Sporting Goods Company, Inc.*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's electronic filing system on this 17th day of January, 2013 upon:

J. Bennett Clark
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
ben.clark@bryancave.com

and

Jeffery A. Key
Key & Associates Law Office
321 North Clark Street, Suite 500
Chicago, IL 60654
jakey@key-and-associates.com

*Counsel for Wilson Sporting Goods Co.*

/s/ Michael J. Tolles