**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAWLINGS SPORTING GOODS | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-01204-CDP |
| | ) | |
| WILSON SPORTING GOODS CO., et al. | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT WILSON SPORTING GOODS CO.'S REPLY TO PLAINTIFF'S**
**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Defendant Wilson Sporting Goods Co. ("Wilson"), by and through it counsel of record, hereby makes this Reply to Plaintiff Rawlings Sporting Goods Company, Inc.'s ("Rawlings") Memorandum in Opposition to Wilson's Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6).

## I.      INTRODUCTION

Rawlings' Memorandum in Opposition fails to address the pleading deficiencies in the First Amended Complaint ("Complaint"). The only conduct of Defendants that Rawlings has asserted was infringing or actionable is the use of metallic gold features on parts of two gloves used by a single person...co-Defendant Brandon Phillips.  However, Rawlings does not allege how it owns the exclusive use of any metallic gold on a glove used in the game of baseball.  In its Opposition, Rawlings attempts to divert attention from its lack of factual allegations by arguing that it need not ***prove*** its case at the pleading stage.  Wilson agrees that evidentiary proof is not required in response to a Rule 12(b)(6) motion.  However, the law requires that Rawlings satisfy this Court that it has at least ***alleged*** sufficient facts to state a plausible cause of action against Wilson. Rawlings has failed to do so.

Wilson is not submitting that Rawlings must prove its case in the pleadings. Wilson is submitting that Rawlings has not pled what acts Wilson took to infringe the five separate and distinct rights asserted by Rawlings in its Complaint, or how Rawlings can own exclusive use of a color on a glove. Wilson is moving to dismiss the Complaint because, *inter alia*, Rawlings has not pled with specificity what Wilson did to infringe: (a) a registered trademark covering the use of the words "Gold Glove", (b) a registered trademark covering the use of the words "Gold Glove Award", (c) a registered trademark covering the use of the words "Rawlings Gold Glove Award", (d) a trademark application, which has not yet been granted, potentially covering the words "The Gold Glove Co.", and (e) the common law trade dress right allegedly applying to a trophy.

Rawlings has conceded, or at minimum avoided discussion of, the dearth of facts pled in its Complaint to sustain a lawsuit over Defendants' use of metallic gold features on two gloves. Rawlings has not even attempted to rebut at least the following critical points made by Wilson in its Motion to Dismiss:

- the Complaint nowhere alleges that Defendants used one of the three registered word marks in commerce or otherwise;

- Rawlings does not discuss how it can claim infringement of a trademark application (i.e. a right that by definition does not yet exist);

- Rawlings does not deny improperly bundling word mark registrations with assertions regarding metallic gold on a trophy in order to create its so-called "Gold Glove Marks;"

- Rawlings fails to point to a single allegation of secondary meaning in metallic gold color on gloves it sells, arguing instead that such facts would be "nonsensical;"

- Rawlings fails to point to a single allegation of its use, let alone exclusive use, of the color metallic gold on its gloves, thereby conceding that even its own "Gold Glove" model has no metallic gold features;

- Rawlings fails to point to a single commercial advertisement by Defendants using metallic gold (or any of Rawlings' word mark registrations) – and does not contest that the alleged Tweets are from third party fans of Defendant Brandon Phillips ("Phillips");

- Rawlings does not: a) contest the facts required; b) demonstrate it has alleged such facts; or c) cite contrary authority for the minimum pleading of infringement of a trademark to cover the color of a baseball glove used in commerce.

Rawlings has similarly failed to cite law that would support its pleading.  It has not cited to a single case where a registered word trademark has been infringed by a color.   Moreover, Rawlings has argued nonexistent limitations on a motion to dismiss pursuant to Rule 12(b)(6), while failing to distinguish a single case relied upon by Wilson.    In short, Rawlings' First Amended Complaint should be dismissed.

## II.    <u>DISCUSSION</u>

In opposing Wilson's Motion to Dismiss, it was incumbent upon Rawlings to point to the factual allegations that establish a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Instead, Rawlings points to its allegation of claim ***elements*** in the hope of avoiding dismissal.   This is precisely what the Supreme Court determined was unacceptable in *Iqbal.  Id.,* 556 U.S. at 678.  Rawlings' cites to the elements in its various "Claims For Relief" merely illustrate legally  insufficient "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action without "further factual enhancement."  *Id.*, quoting *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955(2007). As a matter of law, such pleading is insufficient.

### A.  No Facts Alleged Regarding Defendants' Use of Rawlings' Three Word Marks

Rawlings uses strong language to attack Wilson's Motion as focused on factual proof rather than fact allegations.[1]  However, Wilson specifically asserts that Rawlings has not **pled** any facts regarding either Wilson's or Mr. Phillips' use of the three registered word marks.[2]  Wilson's

---

[1]  For example, Rawlings argues: "Wilson's myopic focus on evidentiary matters and questions of fact are simply not proper subjects for a motion to dismiss." Dkt 39, p. 3.
[2] The registered word trademarks, according to the Complaint, are: "RAWLINGS GOLD GLOVE AWARD," "GOLD GLOVE AWARD," and "GOLD GLOVE."

Motion does not contest the existence or ownership of the three word marks.  Rather, Wilson points out that Rawlings never alleges that Wilson or Mr. Phillips actually used any of the three word marks in commerce.  Rawlings has not attempted to rebut this position by Wilson, thereby conceding that no such fact is alleged.

Rawlings cannot state a claim for infringement of its word marks without alleging Wilson's **use** of any registered word marks.  Even the case relied upon by Rawlings makes this point clear. "'To establish a claim for trademark dilution the plaintiff must show that ... (2) the defendant began using the mark after plaintiffs mark became famous....' *Teter v. Glass Onion, Inc*., 723 F.Supp.2d, 1138, 1157 (W.D. Mo. 2010) (citing *Luigino's Inc. v. Stouffer Corp*., 170 F.3d 827, 832 (8th Cir. 1999)." Dkt 39, p. 6.  Rawlings has not stated a claim for infringement of its registered word marks. Accordingly, the Complaint should be dismissed.

**B. Rawlings Does Not Justify The Bundling of Registered Word Marks, a Trademark Application on a Word Mark, and an Alleged Trade Dress in a Color to Create So-Called "Gold Glove Marks."**

Wilson has illustrated that there is no such thing as the "Gold Glove Marks", a term coined by Rawlings.  The "Gold Glove Marks" are actually five different and individual rights, which must be unbundled for infringement allegation purposes.  Three of Rawlings' asserted rights are separate registered trademarks covering the use of different words. One of the asserted rights is a trademark application covering the use of additional different words, which has not been granted by the U.S. government; thus, the right does not exist. The fifth is an alleged right termed a "trade dress," which is a common law right arising only through consistent and exclusive use and meaning associated by consumers.  Rawlings' Complaint seeks to improperly bundle these five different rights into one right under the "Gold Glove Marks" umbrella.  The umbrella is an attempt to mask Rawlings' apparent inability to plead the acts by Wilson which constitute an

infringement of each and every asserted right.[3]  In its Opposition, Rawlings does not provide a legal justification for this improper pleading convention.  Instead, Rawlings lashes at Wilson for being "nonsensical."

Indeed, Rawlings has no factual or legal justification for its bundling of word marks with a word application and a color on a trophy.  It is clear that Rawlings does not allege that Wilson or Mr. Phillips used any of Rawlings' registered word marks.  However, Rawlings uses its registered word marks as "window dressing" in an attempt to make it appear as though there is a legitimate claim regarding a word mark application and the use of metallic gold on a part of a couple gloves used by a single person.  However, since the only conduct of Defendants that is alleged as infringing is the use of a color on a glove, Rawlings cannot bypass the pleading requirement for its claims in the color metallic gold.  Rawlings must plead facts sufficient to establish that consumers associate the color metallic gold on a baseball glove with the Rawlings' brand.

To survive a motion to dismiss regarding the ownership of a color on a product, a plaintiff "must allege that (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between the plaintiff's goods and the defendant's."  *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003) (citing *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 115–16 (2d Cir. 2001)).  "A plaintiff must also offer 'a precise expression of the character and scope of the claimed trade dress.' " *Id*. (quoting *Landscape Forms, Inc. v. Columbia Cascade Co*., 113 F. 3d 373, 381 (2d Cir. 1997)).  A complaint must be dismissed if it does not plead sufficient facts to establish the basic elements of secondary meaning in the asserted feature, here, metallic gold.  *Urban Group Exercise Consultants, Inc. v. Dick's Sporting Goods, Inc*., 2012 WL 3240442 (Aug. 7, 2012,

---

[3] Indeed, Rawlings does not even allege that Wilson created, used or promoted a gold trophy, which is the subject of the asserted trade dress right.

S.D.N.Y.) (complaint dismissed for failure to adequately plead secondary meaning in identically colored training equipment sold with same image but different names; pleading requires more than alleging the same distinctive color).

Rawlings has not pointed this Court to any allegations that would support a plausible claim of secondary meaning, including that, when consumers see "metallic gold" color on an actual baseball gloves, they think of Rawlings' gloves.[4]  Rawlings' pleading failure is fatal, and cannot be buoyed by bundling a claim about metallic gold on a glove with registered word marks.

### C.  Rawlings Has Not Pled Facts Supporting A False Advertising Claim

Rawlings relies upon *Buetow v. A.L.S. Enterprises, Inc*. 650 F.3d 1178, 1182 (8th Cir. 2011) for the five basic elements of a false advertising claim.  Rawlings then cites to the bare assertion of elements in the Fourth Claim for Relief in the Complaint as though a mere recitation of elements can satisfy the pleading requirements of Rule 8.  However, such a recitation is precisely what the Supreme Court determined was inadequate in *Ashcroft, supra,* 556 U.S. at 678. Rawlings does not allege specific underlying facts to support its claim.

Rawlings' only "facts" concerning alleged false advertising are in Exhibit D to the Complaint. Dkt. 23-4.  Yet the only image attached to Exhibit D is of tweets (postings on the social media cite Twitter), from fans of Mr. Phillips.  There is not a single commercial advertisement from Wilson, or from Mr. Phillips, alleged or attached to the Complaint. The utter failure to allege an actual false commercial ad by Wilson or Mr. Phillips is fatal to this claim.[5]

---

[4] Wilson pointed out in its Motion that secondary meaning requires that "the user of ... a [trade] dress ... show that by long and exclusive use in the sale of the user's goods, the [dress] has become so associated in the public mind with such goods that the [dress] serves to identify the source of the goods and to distinguish them from those of others." *Stuart Hall Co., Inc. v. Ampad Corp*., 51 F.3d 780, 789 (8th Cir. 1995) quoting *Aromatique, Inc. v. Gold Seal, Inc*., 28 F.3d 863, 868 (8th Cir. 1994).  "[T]he ultimate inquiry is whether in the consumer's mind the mark denotes a 'single thing coming from a single source.'" *Co–Rect Products v. Marvy! Advertising Photography*, 780 F.2d 1324, 1330 (8th Cir.1985) (internal quotations omitted).  Rawlings has made no attempt to meet this standard.
[5] In addition, Rawlings' failure to meet the other pleading requirements as set forth in Wilson's Motion to Dismiss provide additional justification for dismissing the Complaint.

### D.  Rawlings Has Not Pled Use And Rights to the Color Metallic Gold

Rawlings has not properly pled any rights in the exclusive use by Rawlings of the color "metallic gold" on a baseball glove.  Rawlings Opposition fails to assert that it sells any gloves adorned with metallic gold, thereby conceding that it cannot plead exclusive use or any use sufficient to establish a secondary meaning for metallic gold on a baseball glove used in commerce.  As noted, Rawlings' only allegations of infringing conduct include the bundling of its word registrations with the alleged infringing act of providing two gloves with gold features to a single player.  Rawlings does not provide a legal basis for this tactic.

Rawlings has not cited to a single case where a word registration was infringed by the use of a color.  Instead, Rawlings cites to *Mobil Oil Corp. v. Pegasus Petroleum Corp*., 818 F.2d 254 (2nd Cir. 1987), in which Mobil's well pled trademark in the image of flying horse, which was present in all of Mobil's commercial activity, was found to be infringed by a competitor using the word mark "Pegasus Petroleum." In the instant matter, Rawlings has no such analogous allegations.  Moreover, the only use of metallic gold is shown in tweets posted by fans of Mr. Phillips. Not a single commercial advertisement of a glove sold in commerce is depicted or alleged.   Accordingly, Rawlings' Complaint is insufficient and should be dismissed.

### E.  Wilson Preserved Its Rule 12(b)(6) Defense And Can Assert It Against the Amended Complaint

Rawlings ignores the provisions of Rule 12(h) and attempts to argue that Wilson cannot raise a motion pursuant to Rule 12(b)(6) directed to the Amended Complaint. However, Wilson preserved its Rule 12(b)(6) defense by raising it in the answer to the original complaint.  *See* Wilson's Second Defense at paragraph 80, Dkt 11 at p. 24 ("80. Rawlings' Complaint fails to state a claim for which relief can be granted, and should be dismissed.").  Further, waiver of Rule 12(b) defenses can only occur pursuant to rule.  There are only four rule 12 defenses that by the express provision of Fed. R. Civ. P. 12(h)(1) are waived if omitted from a preliminary motion to

dismiss made "under this rule."  These four waivable defenses are lack of personal jurisdiction [Fed. R. Civ. P. 12(b)(2)], improper venue [Fed. R. Civ. P. 12(b)(3)], insufficient process [Fed. R. Civ. P. 12(b)(4)], and insufficient service of process [Fed. R. Civ. P. 12(b)(5)].  These defenses must be consolidated into any preliminary motion brought under rule 12 [Fed. R. Civ. P. 12(g)(2)]; in the absence of a preliminary motion to dismiss, these defenses must be consolidated into the answer; or consolidated into an amendment to the answer that is allowed to be made as a matter of course.  It is only the failure of a defendant to assert one or more of these defenses in one of the preceding manners that can result in waiver of the defense(s).

In this case, Wilson incorporated its Rule 12(b) defenses into its answer to the original complaint.  Moreover, once Rawlings filed an Amended Complaint, Wilson had an entirely new opportunity to assert its defense pursuant to Rule 12(b)(6), and Wilson timely filed its Motion.  Rawlings' argument in this respect, as with its other arguments, cannot save its ineffective and insufficient pleading.

## III.   <u>CONCLUSION</u>

Rawlings has not pled facts sufficient to state a plausible claim of ownership over the use of a color on a baseball glove.  Further, the Complaint fails to plead what acts Wilson or Mr. Phillips took to infringe each and every one of the five separate and distinct rights asserted by Rawlings in its Complaint.  In addition, Rawlings has not demonstrated that it has pled a single fact to support the allegation that Rawlings exclusively owns the use of the color "metallic gold" on a baseball glove. The word metallic is not even found in Rawlings' registered trademarks or trademark application.  Accordingly, as set forth in Wilson's Motion to Dismiss, Rawlings' Complaint does not meet the standards of pleading required for the claims it seeks to assert, and should be dismissed.

Respectfully submitted,

By: /s/ Jeffery A. Key
Jeffery A. Key (*Pro Hac Vice*)
jakey@key-and-associates.com
Key & Associates Law Offices
321 North Clark Street, Suite 500
Chicago, IL 60654
Tel. (312) 560-2148
Fax (312) 957-1236

and

J. Bennett Clark, #30907MO
ben.clark@bryancave.com
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record on this 25th day of January, 2013.

/s/   J. Bennett Clark