UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAWLINGS SPORTING GOODS COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12-cv-01204-CDP |
| WILSON SPORTING GOODS CO., and BRANDON PHILLIPS, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT BRANDON PHILLIPS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Defendant Brandon Phillips, by and through his counsel of record, hereby makes this Reply to Plaintiff Rawlings Sporting Goods Company, Inc.'s ("Rawlings") Memorandum in Opposition to Phillips' Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6).

### I. INTRODUCTION

Rawlings' Memorandum in Opposition to Mr. Phillips' Motion, as with its Opposition to Wilson's Motion, fails to address the pleading deficiencies in the First Amended Complaint ("Complaint"). The only conduct of Defendants that Rawlings has asserted was infringing or actionable is the use of metallic gold features on parts of two gloves used by a single person, Mr. Phillips. Rawlings does not allege how it owns the exclusive use of any metallic gold on a glove used in the game of baseball. Further, Rawlings fails to allege that it uses metallic gold on the gloves it sells. In its Opposition, Rawlings attempts to refocus the issue into one of ***proof,*** arguing that evidence is not necessary at the pleading stage. This is merely a diversionary tactic. Mr. Phillips agrees that evidentiary proof is not required in response to a Rule 12(b)(6) motion. However, what is required of Rawlings is that it satisfy this Court that it has at least ***alleged***

sufficient facts to state a plausible cause of action against Mr. Philips. Rawlings has failed to do so.

Neither Mr. Phillips nor Wilson has argued that Rawlings must prove its case in the pleadings. Rather, Defendants assert that Rawlings has not pled what acts Mr. Phillips (or Wilson) took to infringe each and every one of the five separate and distinct rights asserted by Rawlings in its Complaint, or how Rawlings owns the exclusive use of a color on a glove. Mr. Phillips is moving to dismiss the Complaint because, *inter alia*, Rawlings has not pled with specificity what he did to infringe: (a) a registered trademark covering the use of the words "Gold Glove", (b) a registered trademark covering the use of the words "Gold Glove Award", (c) a registered trademark covering the use of the words "Rawlings Gold Glove Award", (d) a trademark application, which has not yet been granted, potentially covering the words "The Gold Glove Co.", and (e) the common law trade dress right allegedly applying to a trophy.

Rawlings asserts that Defendants need not use the registered word marks in commerce, calling such acts "irrelevant." Moreover, Rawlings concedes, or at a minimum avoids discussion of, any facts pled in its Complaint to sustain a lawsuit over Defendants' use of metallic gold features on two gloves that have never been sold to a single consumer. Rawlings has not even attempted to rebut at least the following critical points made by Mr. Phillips in his Motion to Dismiss:

- the Complaint nowhere alleges that Defendants used one of the three registered word marks in commerce or otherwise – and Rawlings asserts such use is "irrelevant;"

- Rawlings does not discuss how it can claim infringement of a trademark application (i.e., a right that by definition does not yet exist);

- Rawlings does not deny improperly bundling word mark registrations with assertions regarding metallic gold on a trophy in order to create its so-called "Gold Glove Marks;"

- Rawlings fails to point to a single allegation of secondary meaning in metallic gold color on gloves it sells, arguing instead that such facts would be "nonsensical;"

2

- Rawlings fails to point to a single allegation of its use, let alone exclusive use, of the color metallic gold on its gloves, thereby conceding that even its own "Gold Glove" model glove has no metallic gold features;

- Rawlings fails to point to a single commercial advertisement by Defendants using metallic gold (or any of Rawlings' word mark registrations) – and does not contest that the alleged tweets attached as an exhibit to the Amended Complaint are from third party fans of Defendant Brandon Phillips ("Phillips");

- Rawlings does not: a) contest the facts required; b) demonstrate it has alleged such facts; or c) cite contrary authority for the minimum pleading of infringement of a trademark to cover the color of a baseball glove used in commerce.

Rawlings has not cited to a single case where a registered word trademark has been infringed by a color on a product. Moreover, Rawlings has failed to distinguish a single case relied upon by Mr. Phillips.  Accordingly, Rawlings' First Amended Complaint should be dismissed.

## II.   DISCUSSION

In opposing Mr. Phillips' Motion to Dismiss, it was incumbent upon Rawlings to point to the factual allegations that it asserts establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Instead, Rawlings merely points to its allegation of claim *elements* in the hope of avoiding dismissal of its inadequate pleading. The mere recitation of elements without adequate factual allegations is precisely what the Supreme Court determined is unacceptable in *Iqbal*.  *Id.,* 556 U.S. at 678. Rawlings' cites to the elements in its various "Claims For Relief" merely illustrate legally insufficient "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action without "further factual enhancement."  *Id.*, quoting *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955(2007). As a matter of law, such pleading is insufficient.

**A. Rawlings Erroneously Argues That Defendants' Non-Use of Rawlings' Three Word Marks Is "Irrelevant"**

Rawlings does not focus upon the specific facts it must plead in order to state a plausible cause of action. In place of specific facts, Rawlings uses strong language to attack Mr. Phillips' Motion as focused on factual proof rather than fact allegations.[1] However, Mr. Phillips specifically asserts that Rawlings has not **pled** any facts regarding either his or Wilson's use of the three registered word marks.[2] Incredibly, Rawlings' only response is to argue:

"**Whether Phillips uses the words "Gold Glove" or its visual equivalent is irrelevant.**"

Dkt 40, p. 4. Rawlings' concession that neither Mr. Phillips nor Wilson has used any of the registered word marks should alone be fatal to Rawlings' Complaint. Significantly, Rawlings has cited to no law in the United States that permits the use of a color to infringe a word mark.

Rawlings cannot state a claim for infringement of its word marks without alleging Mr. Phillips' **use** of any registered word marks. Even the case relied upon by Rawlings makes this point clear. "'To establish a claim for trademark dilution the plaintiff must show that ... (2) the defendant began using the mark after plaintiff's mark became famous....'*Teter v. Glass Onion, Inc.*, 723 F.Supp.2d, 1138, 1157 (W.D. Mo. 2010) (citing *Luigino's Inc. v. Stouffer Corp.*, 170 F.3d 827, 832 (8th Cir. 1999)." Dkt 39, p. 6.[3] Rawlings has not stated a claim for infringement of its registered word marks. Accordingly, the Complaint should be dismissed.

---

[1] For example, Rawlings quips: "Phillips' argument amounts to the position that by him not using the words 'Gold Glove Award' that Rawlings has therefore not adequately pled a cause of action against him. This position is nonsensical...." Dkt40, p. 3.

[2] The registered word trademarks, according to the Complaint, are: "RAWLINGS GOLD GLOVE AWARD," "GOLD GLOVE AWARD," and "GOLD GLOVE."

[3] Rawlings incorporated by reference all of its arguments from its Opposition to Wilson's Motion to Dismiss.

4

**B. Rawlings Does Not Justify The Bundling of Registered Word Marks, a Trademark Application on a Word Mark, and an Alleged Trade Dress in a Color to Create So-Called "Gold Glove Marks."**

Mr. Phillips has illustrated that there is no such thing as the "Gold Glove Marks", a term coined by Rawlings.  The "Gold Glove Marks" are actually five different and individual rights, which must be unbundled for infringement allegation purposes.  Three of Rawlings' asserted rights are separate registered trademarks covering the use of different words. One of the asserted rights is a trademark application covering the use of additional different words, which has not been granted by the U.S. government; thus the right does not exist.  The fifth is an alleged right to color on a product termed a "trade dress," which is a common law right arising only through consistent and exclusive use and meaning associated by consumers.  Rawlings' Complaint seeks to improperly bundle these five different rights into one right under the "Gold Glove Marks" umbrella.  The umbrella is Rawlings' means for bootstrapping registered word marks, which Rawlings allows were not used by Defendants, with rights that do not exist under the pleadings.[4]  Rawlings does not appear capable of pleading infringement of each individual, asserted right. Rawlings ignores its improper bundling in its Opposition, and does not provide a legal justification for this improper pleading convention.

Indeed, Rawlings has no factual or legal justification for its bundling of word marks with a word application and a color on a trophy. It is clear that Rawlings does not allege that Mr. Phillips or Wilson used any of Rawlings' registered word marks.  However, Rawlings uses its registered word marks as "window dressing" in an attempt to make it appear as though there is a legitimate claim regarding its word mark application and its use of metallic gold on a trophy.  However, since the only conduct of Defendants that is alleged to be infringing is the use of a color on a glove that was never sold to a single consumer, Rawlings cannot bypass the pleading

---

[4] Indeed, Rawlings does not even allege that Mr. Phillips or Wilson created, used or promoted a gold trophy, which is the subject of the asserted trade dress right.

requirement for its claims in the color metallic gold. Rawlings must plead facts sufficient to establish that consumers associate the color metallic gold on a baseball glove with the Rawlings brand gloves. No such facts are alleged and the Complaint must be dismissed.

In order to survive a motion to dismiss regarding the ownership of a color on a product, a plaintiff "must allege that (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between the plaintiff's goods and the defendant's." *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d Cir. 2003) (citing *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115–16 (2d Cir. 2001)). "A plaintiff must also offer 'a precise expression of the character and scope of the claimed trade dress.' " *Id.* (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997)). A complaint must be dismissed if it does not plead sufficient facts to establish the basic elements of secondary meaning in the asserted feature, here, metallic gold. *Urban Group Exercise Consultants, Inc. v. Dick's Sporting Goods, Inc.*, 2012 WL 3240442 (S.D.N.Y., Aug. 7, 2012) (Complaint dismissed for failure to adequately plead secondary meaning in identically colored training equipment sold with same image but different names; pleading requires more than alleging the same distinctive color).

Rawlings has not pointed this Court to any allegations that would support a plausible claim of secondary meaning, including that when consumers see "metallic gold" color on an actual baseball glove, they think of Rawlings' gloves.[5] Rawlings' pleading failure is fatal, and cannot

---

[5] Mr. Phillips pointed out in his Motion that secondary meaning requires that "the user of ... a [trade] dress ... show that by long and exclusive use in the sale of the user's goods, the [dress] has become so associated in the public mind with such goods that the [dress] serves to identify the source of the goods and to distinguish them from those of others." *Stuart Hall Co., Inc. v. Ampad Corp.*, 51 F.3d 780, 789 (8th Cir. 1995) quoting *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 868 (8th Cir. 1994)."[T]he ultimate inquiry is whether in the consumer's mind the mark denotes a 'single thing coming from a single source.'" *Co–Rect Products v. Marvy! Advertising Photography*, 780 F.2d 1324, 1330 (8th Cir. 1985) (internal quotations omitted). Rawlings has made no attempt to meet this standard.

be buoyed by bundling a claim about metallic gold on a glove with registered word marks or a word mark application.

### C. Rawlings Has Not Pled Facts Supporting A False Advertising Claim

Rawlings incorporates by reference its Opposition to Wilson's Motion to Dismiss. In that document, Rawlings relies upon *Buetow v. A.L.S. Enterprises, Inc*. 650 F.3d 1178, 1182 (8th Cir. 2011) for the five basic elements of a false advertising claim. Rawlings then cites to the simple assertion of elements in the Fourth Claim for Relief in the Complaint as though a mere recitation of elements can satisfy the pleading requirements of Rule 8. In its Opposition to Mr. Phillips' Motion, Rawlings claims that it is entitled to simply recite elements without alleging specific supporting facts. However, such a recitation of elements is what the Supreme Court specifically determined was inadequate in *Ashcroft, supra,* 556 U.S. at 678. Rawlings does not allege specific underlying facts to support its claim.

Rawlings' only "facts" concerning alleged false advertising are in Exhibit D to the Complaint. Dkt. 23-4. Yet the only image attached to Exhibit D is of tweets (postings on the social media cite Twitter), from fans of Mr. Phillips. Rawlings expresses some amount of indignation in its Opposition regarding Defendants' argument that it has not alleged, by exhibit or otherwise, an advertisement by Mr. Phillips himself, as opposed to ***Twitter postings by third party fans***. There is not a single commercial advertisement from Mr. Phillips, or from Wilson, alleged or attached to the Complaint. The utter failure to allege an actual false commercial ad by Mr. Phillips or Wilson is fatal to this claim.[6]

In addition, with respect to a Twitter posting, the courts have found that unilateral internet postings do not constitute an advertisement – and accordingly cannot form the basis of Rawlings' "use in commerce" pleading requirements. To constitute an advertisement under the Lanham

---

[6] In addition, Rawlings' failure to meet the other pleading requirements as set forth in Mr. Phillips' Motion to Dismiss provide additional justification for dismissing the Complaint.

Act, goods must be offered for sale. See *The Taubman Company v. Webfeats*, 319 F.3d 770, 775 (6th Cir., 2003) ("As long as [defendant] has no commercial links on either of his websites, including links to shirtbiz.com, Webfeats, or any other business, we find no use 'in connection with the advertising' of goods and services to enjoin, and the Lanham Act cannot be properly invoked."); *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 678 (9th Cir. 2005) (where website does not offer for sale any product or service or contain paid advertisements from any other commercial entity then no Lanham Act violation is stated). Accordingly, Rawlings has failed to plead the "use in commerce" facts necessary to sustain its Complaint.  Mr. Phillips', and Wilson's, motions should be granted.

**D.  Rawlings Has Not Pled Its Use of And Rights to the Color Metallic Gold**

Rawlings has not properly pled any rights in the exclusive use by Rawlings of the color "metallic gold" on a baseball glove.  Rawlings' Opposition fails to assert that it sells any gloves adorned with metallic gold, thereby conceding that it cannot plead exclusive use or any use sufficient to establish a secondary meaning for metallic gold on a baseball glove used in commerce.  As noted, Rawlings' only allegations of infringing conduct includes the bundling of its word registrations with the alleged infringing act of providing two gloves with gold features to a single player.  Rawlings does not provide a legal basis for this tactic.

Rawlings has not pled any use of metallic gold on its own gloves sold for use in the game of baseball. This failure of pleading is fatal.  *Yellow Cab Transit Co. v. Louisville Taxicab & Transfer Co.*, 147 F.2d 407, 415 (6th Cir. 1945) (holding that the user of a mark was "entitled to protection in its long established use of the color yellow on its taxicabs . . . , inasmuch as it has acquired a good will by use of the yellow color scheme on taxicabs by virtue of appropriate

application of the doctrine of secondary meaning").[7]  Rawlings' trophy has nothing to do with baseball gloves sold to consumers, as conceded by Rawlings' dearth of factual allegations.

Rawlings has not cited to a single case where a word registration was infringed by the use of a color on a product. Instead, Rawlings cites to *Mobil Oil Corp. v. Pegasus Petroleum Corp*., 818 F.2d 254 (2nd Cir. 1987), in which Mobil's well-pled trademark in the image of a flying horse known as Pegasus in mythology, and which was used and present in all of Mobil's commercial activity, was found to be infringed by a competitor using the word mark "Pegasus Petroleum." In the instant matter, Rawlings has no such analogous allegations.  Rawlings does not allege it has sold a single metallic gold glove in the history of the company.  Moreover, the only alleged use by Defendants of metallic gold on a glove is on two personal gloves of Mr. Phillips – there is no allegation that any such gloves were sold to a single consumer, ever.  Finally, not a single commercial advertisement of a Wilson metallic gold-adorned glove sold in commerce is depicted or alleged.  Accordingly, Rawlings Complaint is insufficient and should be dismissed.

## III.   CONCLUSION

Rawlings has not pled facts sufficient to state a plausible claim of ownership over the use of a color on a baseball glove. Further, the Complaint fails to plead what acts Mr. Phillips, or Wilson, took to infringe each and every one of the five separate and distinct rights asserted by Rawlings in its Complaint.  Also,  Rawlings has not demonstrated that it has pled a single fact to support the allegation that Rawlings exclusively owns the use of the color "metallic gold" on a baseball glove. The word metallic is not even found in Rawlings' registered trademarks or

---

[7] The Court in *In re Owens-Corning Fiberglas Corp*., 774 F.2d 1116 (Fed. Cir. 1985), observed that jurisprudence under the Lanham Act had "developed in accordance with the statutory principle that if a mark is capable of being or becoming distinctive of [the] applicant's goods in commerce, then it is capable of serving as a trademark." *Id.* at 1120.  Noting that "[Owens-Corning's] use of the color 'pink' performs no non-trademark function, and is consistent with the commercial and public purposes of trademarks," the Court concluded that the use "serves the classical trademark function of indicating the origin of the goods, and thereby protects the public." *Id.* at 1123.  On that basis, the Court held that Owens-Corning was "entitled to register its mark." *Id.* at 1128.  Rawlings knows what is required to register a color mark, but the Complaint is barren of any allegation of similar efforts for metallic gold.

trademark application, nor is the use of color covered in any of the word registrations or application.  Accordingly, as set forth in Mr. Phillips' Motion to Dismiss, Rawlings' Complaint does not meet the standards of pleading required for the claims it seeks to assert and should be dismissed.

        Respectfully submitted,

By: /s/ Jeffery A. Key__
Jeffery A. Key (*Pro Hac Vice*)
jakey@key-and-associates.com
Key & Associates Law Offices
321 North Clark Street, Suite 500
Chicago, IL 60654
Tel. (312) 560-2148
Fax (312) 957-1236

and

J. Bennett Clark, #30907MO
ben.clark@bryancave.com
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020

**Attorneys for Defendants**

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record on this 28th day of January, 2013.

/s/ Jeffery A. Key